IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civil No. 08-SC-5348 (ADM/JSM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THOMAS JOSEPH PETTERS; | ) |
| PETTERS COMPANY, INC., | ) |
| PCI; PETTERS GROUP WORLDWIDE, LLC; | ) |
| DEANNA COLEMAN aka DEANNA MUNSON; | ) |
| ROBERT WHITE; | ) |
| JAMES WEHMHOFF; | ) |
| LARRY REYNOLDS dba  NATIONWIDE | ) |
| INTERNATIONAL RESOURCES aka NIR; | ) |
| MICHAEL CATAIN dba ENCHANTED FAMILY | ) |
| BUYING COMPANY; | ) |
| FRANK E. VENNES JR. dba METRO GEM | ) |
| FINANCE, | ) |
| METRO GEM INC., | ) |
| GRACE OFFERINGS OF FLORIDA, LLC, | ) |
| METRO PROPERTY FINANCING, LLC, | ) |
| 38 E. ROBINSON, LLC, | ) |
| 55 E. PINE, LLC, | ) |
| ORLANDO RENTAL POOL, LLC, | ) |
| 100 PINE STREET PROPERTY, LLC, | ) |
| ORANGE STREET TOWER, LLC, | ) |
| CORNERSTONE RENTAL POOL, LLC, | ) |
| 2 SOUTH ORANGE AVENUE, LLC, | ) |
| HOPE COMMONS, LLC, | ) |
| METRO GOLD, INC.; | ) |
| | ) |
| Defendants. | ) |

## MOTION TO AMEND PRELIMINARY INJUNCTION AND STAY CIVIL LITIGATION FOR GOOD CAUSE SHOWN

Receiver Douglas A. Kelley, by and through his undersigned counsel, will move the

above-named Court, the Honorable Ann D. Montgomery, United States District Judge presiding,

for expedited consideration, based upon exigent circumstances, for an order amending and

clarifying the preliminary injunction and receivership orders entered in the above-captioned

actions as Docket Nos. 12 and 43 as follows:

1.      Amending both orders to add the following provision staying civil litigation

against the receivership defendants to the Receivership portion (Section IV.) of each order:

STAY OF ACTIONS AGAINST RECEIVERSHIP DEFENDANTS

       IT IS FURTHER ORDERED that, except by leave of this Court, during
pendency of the receivership ordered herein, Defendants, and all investors,
creditors, stockholders, lessors, customers and other persons seeking to establish
or enforce any claim, right, or interest against or on behalf of Defendants, and all
others acting for or on behalf of such persons, are hereby enjoined from taking
action that would interfere with the exclusive jurisdiction of this Court over the
assets or documents of the Receivership Defendants, including but not limited to:

A.      Petitioning, or assisting in the filing of a petition that would
        cause any Receivership Defendant to be placed in
        bankruptcy;

B.      Commencing, prosecuting, or continuing a judicial,
        administrative, or other action or proceeding against the
        Receivership Defendants, including the issuance or
        employment of process against the Receivership
        Defendants, except that such actions may be commenced if
        necessary to toll any applicable statute of limitations;

C.      Filing or enforcing any lien on any asset of the
        Receivership Defendants, taking or attempting to take
        possession, custody, or control of any asset of the
        Receivership Defendants; or attempting to foreclose,
        forfeit, alter, or terminate any interest in any asset of the
        Receivership Defendants, whether such acts are part of a
        judicial proceeding, are acts of self-help, or otherwise;

D.      Initiating any other process or proceeding that would
        interfere with the Receiver managing or taking custody,
        control, or possession of, the assets or documents subject to
        this receivership.

       Providing that, this Order does not stay: (i) the commencement or
continuation of a criminal action or proceeding; (ii) the commencement or
continuation of an action or proceeding by a governmental unit to enforce such
governmental unit's police or regulatory power; or (iii) the enforcement of a

judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

2.      Amending the order appointing Kelley as receiver for individual defendants Petters, Coleman, White, Wehmhoff, Reynolds and Catain (Docket No. 43) to acknowledge the Receiver's ability to take all actions necessary to conserve and protect assets of the receivership estate, including but not limited to filing bankruptcy provisions deemed necessary, by inserting the following provision between paragraphs B.2.b and B.2.c. on paragraph 13 individual receivership order filed as Docket No. 43:

> 2.      Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Defendants, including but not limited to obtaining an accounting of the assets, preventing transfer, withdrawal, or misapplication of assets and including but not limited to filing any bankruptcy petitions for any of the Defendants to protect and preserve the assets of the Defendants and acting as management or Debtor in Possession of any of the Defendants so filed by the Receiver, and to appear and be heard in any bankruptcy of any of the Defendants not filed by the Receiver.

3.      Further amending the order appointing Kelley as receiver for the individual defendants (Docket No. 43) to clarify that the asset freeze and duties of third parties extend to all assets including but not limited to individual and joint accounts owned whole or part by Defendants Reynolds and Catain.

DATED: October 21, 2008.                    **LINDQUIST & VENNUM P.L.L.P.**


By     s/ Sandra Smalley-Fleming
       Terrence J. Fleming, #128983
       Sandra Smalley-Fleming #296983
       4200 IDS Center
       80 South Eighth Street
       Minneapolis, MN 55402
       (612) 371-3211
       tfleming@lindquist.com
       ssmalley@lindquist.com


       ***Attorneys for Douglas A. Kelley, Receiver***