UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White; James Wehmhoff; Larry
Reynolds and/or d/b/a Nationwide International
Resources, a/k/a NIR; Michael Catain and/or d/b/a
Enchanted Family Buying Company;
Frank E. Vennes, Jr., and/or d/b/a Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.;

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

        Defendants,

Douglas A. Kelley,

        Receiver,

Gary Hansen,

        Receiver,

_____

Jon M. Hopeman, Esq., Eric J. Riensche, Esq., and Jessica M. Marsh, Esq., Felhaber Larson, Fenlon & Vogt, P.A., Minneapolis, MN, and Paul C. Engh, Esq., Engh Law Office, Minneapolis, MN, on behalf of Defendant Thomas Joseph Petters.

Frank J. Magill, Jr., Esq., Joseph T. Dixon, III, Esq., John R. Marti, Esq. and Gregory G. Brooker, Esq., United States Attorneys Office, Minneapolis, MN, on behalf of Plaintiff United States of America.
_____

# I. INTRODUCTION

This matter is before the Court on Defendant Thomas Joseph Petters' ("Petters") Motion to Bar Receiver from Providing Data to the Prosecution, and for the United States to Pay Receivership Costs [Docket No. 328]. A stipulated preliminary injunction issued under the Anti-Fraud Injunction Act of 18 U.S.C. § 1345 has placed Petters's personal assets, as well as the assets of all entities 100% owned or controlled by him, under an asset freeze and a receivership ("the Receivership"). See Stip. For Entry of Prelim. Inj., Oct. 6, 2008 [Docket No. 11]; Order for Entry of Prelim. Inj., Oct. 6, 2008 [Docket No. 12], 2d Am. Order for Entry of Prelim. Inj., Dec. 8, 2008, ("Receivership Order") [Docket No. 127].

Petters seeks to prevent Receiver Douglas A. Kelley ("Receiver Kelley") from providing Plaintiff United States of America ("the Government") with access to a database known as Stratify, which allows for greater searchability of electronic data. Receiver Kelley has engaged PricewaterhouseCoopers, L.L.P. ("PwC") to load large quantities of electronic files into the Stratify database to facilitate its investigative accounting services for the Receivership. A substantial number of these electronic files have been produced by the Government for loading into the Stratify database. Receiver Kelley proposes making the Stratify database available to both Petters and the Government.

Petters opposes Government access, arguing that (1) because Stratify has been purchased with Receivership funds, allowing the Government to access Stratify essentially amounts to Petters contributing to his own prosecution; (2) the Government should be paying Receivership expenses; (3) the evidence acquired by Kelley in this civil case (the "Civil Receivership Case") should not be used in Petters' criminal case (08-CR-364 RHK/AJB) (the "Criminal Case"); and

2

(4) permitting the Government to access Stratify would constitute bias by the Court in favor of the Government.

The Government's Response [Docket No. 375] disputes Petters' contention that he is contributing to his own prosecution. The Government asserts that the Receivership funds used to purchase Stratify did not come from Petters' individual receivership account. Moreover, the majority of electronic files loaded into Stratify were obtained by the Government in its investigation, scanned at its expense, and provided to the Receiver and to Petters. The Government expects that it will be charged a fee to access the Stratify database. The Government also contends that information from the Civil Receivership case is properly shared in the Criminal case, since civil receiverships under 18 U.S.C. § 1345 are expressly structured to coordinate with parallel criminal proceedings. Lastly, the Government asserts that denial of access to Stratify would be unfair unless both parties are denied access to the database.

## II. DISCUSSION

The Court has considered each of Petters' arguments and finds them to be without merit. First, the Court is unaware of any factual basis for the assertion that funds from Petters' individual receivership account were used to purchase the Stratify database. The Court's understanding is that the cost will be paid with general Receivership assets. There is no foundation for the claim that Petters is funding his own prosecution.

Second, the Receivership Order specifically provides that the Receivership, and not the Government, should be paying Receivership expenses. See Receivership Order at 16 (authorizing Receiver Kelley to "[m]ake payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of or exercising [his]

authority.").

Third, Receiver Kelley's sharing of the Stratify database with both parties is not an improper use of civil proceedings to further criminal proceedings. As United States v. Teyibo, a case relied on by Petters, states, "[t]he prosecution may use evidence acquired in a civil action in a subsequent criminal proceeding unless the defendant demonstrates that such use would violate his constitutional rights or depart from the proper administration of criminal justice." 877 F. Supp. 846, 855 (S.D.N.Y. 1995), aff'd, 101 F.3d 681 (2d Cir. 1996) (refusing to suppress evidence obtained during a civil investigation because government's simultaneous pursuit of civil and criminal actions against the defendant did not violate his constitutional rights.). Circumstances which may lead to a violation of a defendant's right to due process include cases where (1) the government pursues a civil action solely to obtain evidence for a criminal prosecution, (2) the government does not advise the defendant during the civil proceeding that it is contemplating a criminal prosecution, (3) the defendant was without counsel, (4) the defendant reasonably feared prejudice from pre-trial publicity or other unfair injury, or (5) other special circumstances, such as government coercion, suggest that the criminal prosecution is unconstitutional or improper. Id., at 856. None of those circumstances exist here.

The Receivership was established to preserve assets pending the prosecution of criminal charges. Petters has been represented by highly experienced counsel throughout the investigation and prosecution of his case. The evidence to be shared by the Receiver has not been obtained as a result of any perceived threat of injury or coercion. See United States v. Meier, 607 F.2d 215, 217-18 (8th Cir. 1979) (finding that evidence obtained from defendant for criminal investigation before defendant was apprised of the nature of the investigations was

4

allowable because defendant was not intentionally deceived or misled into producing the evidence); United States v. Grunewald, 987 F.2d 531, 534 (8th Cir. 1993) (same). Indeed, a receiver who has acquired possession of records lawfully and for a proper purpose may make those records available to the government if production of the records is not inconsistent with the purpose of the receivership. United States v. Culver, 224 F. Supp. 419, 434-35 (D. Md. 1963). Here, the Receivership Order specifically contemplates that the Receiver will "[s]hare information regarding the assets under the Receiver's control and the management of those assets with the United States Attorney." Receivership Order at 17.

Finally, no bias will result from allowing equal access to the Stratify database. Fairness requires the Court to provide access either to both parties or to neither party. The latter option would unnecessarily and exponentially increase the time and expense for both parties. Principles of fairness, efficiency, and economy all favor allowing the parties equal access to the Stratify database.

## III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Thomas Joseph Petters' Motion to Bar Receiver from Providing Data to the Prosecution, and for the United States to Pay Receivership Costs [Docket No. 328] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 1, 2009.