UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

        Defendants,

Douglas A. Kelley,

        Receiver,

Gary Hansen,

        Receiver.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

_____

Steven E. Wolter, Esq., Kelley & Wolter, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Jennifer S. Wilson, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C.

Gregory G. Brooker and Robyn A. Millenacker, Assistant United States Attorneys, Minneapolis, MN, on behalf of Plaintiff United States of America.

_____

## I.  INTRODUCTION

On October 6, 2009, the Court heard oral argument on the motions of Receiver Douglas A. Kelley ("Receiver Kelley") [Docket Nos. 634, 638] to approve fee applications which would authorize him to make interim payments for legal work performed in the representation of Defendant Thomas J. Petters ("Defendant Petters").

Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C. (collectively "Ritchie") filed an Objection ("Ritchie Obj.") [Docket No. 646] expressing concerns raised in its prior objections [Docket Nos. 376, 380]; specifically, depletion of the Receivership estate and Receiver Kelley's payment of the expenses of one Receivership defendant or entity with funds from another Receivership defendant or entity's account.  Ritchie Obj. at 2-5.  Ritchie also urges the Court to require Receiver Kelley to provide a public accounting of the Receivership's funds on hand, projected income for the next sixty days, the estimated value of assets yet to be liquidated, and sources of future revenue such as anticipated claw-back actions.  Id. at 5.

Plaintiff United States of America ("the Government") did not file a response to these Motions.  At the hearing, the Government stated that because the Receiver plans to seek reimbursement of the fees from a directors and officers insurance policy ("D&O Policy"), the Government does not oppose the interim payment requests.  The Government also voiced its support of Receiver Kelley's accounting practices to date, and expressed concern that identifying

2

anticipated claw-back actions as Ritchie requests may result in the hiding of assets by potential claw-back defendants.

## II. BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the Receivership, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by reference.

## III. DISCUSSION

As with previous fee requests, the Court will approve reasonable and necessary attorney fees for legal services rendered to Defendant Petters. See Mem. Opinion and Order, March 25, 2009 [Docket No. 229] at 8-10; Mem. Opinion and Order, June 30, 2009 [Docket No. 440] at 8-9. Ritchie's continued objections are again overruled. First, Ritchie contends that Receivership funds are being unnecessarily depleted; however, Receiver Kelley and the Court independently review the itemized billing statements supporting the fee applications to ensure the reasonableness and necessity of the work conducted. Second, Ritchie's concern that Defendant Petters' individual Receivership account does not currently contain sufficient funds to pay the fees requested is resolved by (1) Receiver Kelley's representations that individual and corporate Receivership accounts will be balanced at the conclusion of these proceedings, and (2) the D&O Policy's reimbursement of Receivership funds used to pay Defendant Petters' attorney fees. Finally, the additional disclosure requirements Ritchie seeks to impose on Receiver Kelley will increase costs and delay the administration of the Receivership estate while providing little or no benefit to Receivership beneficiaries.

## IV. APPROVED FEES

### A. Felhaber

Felhaber's itemized billing statements reflect three areas where fees will be reduced.

#### 1. Services Benefitting Counsel

Felhaber's billing statements include time spent preparing for and defending fee applications, researching whether attorney fees are subject to claw-back actions under forfeiture law, and drafting and arguing a motion to withdraw as Defendant Petters' counsel. These services benefit the interests of counsel and not those of Defendant Petters or the Receivership estate. Accordingly, fees requested for those services will be disallowed in the amount of $30,260.00.

#### 2. Issues Concerning Defendant Petters' Assets

Felhaber has billed for services relating to (1) a custodial account maintained by Defendant Petters for two of his children, (2) real and personal property located in Winter Park, Florida, and (3) disputed charges on a credit card in Defendant Petters' name. These issues involve Defendant Petters' assets, which are property of the Receivership and subject to the exclusive administration of Receiver Kelley. See 2d Am. Order for Entry of Prelim. Inj., Dec. 12, 2008 ("Receivership Order") [Docket No. 127] at 8. Where the interest of a receivership estate is adequately represented by counsel, unnecessary action by others on the receivership's behalf will not be compensated. Veeder v. Public Service Holding Corp., 51 A.2d 321, 325-26 (Del. 1947). The Court will deduct $11,500 for services relating to Defendant Petters' assets, which are under Receiver Kelley's exclusive control.

### 3. Increased Hourly Rates

Felhaber's invoices indicate an increased hourly billing rate for two associates. The Receivership Order requires twenty days' notice to be filed with the Court before the Receiver and his professionals may increase their hourly rates. Receivership Order at 18. Fairness requires the same restriction be placed on counsel for the defendants in this matter. Additionally, because Felhaber was retained by Defendant Petters during the final quarter of 2008, the Court will require the firm to maintain its rates through 2009 for services rendered to Defendant Petters, just as the Court has required of professionals providing services to the Receivership. See Mem. and Opinion Order, Sept. 1, 2009 [Docket No. 536] at 9. The Court will deduct $2,313 to account for the increased hourly rates.

### B. Engh

Engh's fee application will be reduced by $6,400 for time spent defending attorney fee petitions in March, 2009, as this service benefits the interest of counsel. A deduction of $3,200 will also be made for travel to Las Vegas which was billed at full hourly rates. A District Court may, in its discretion, reduce fees for travel time if such a reduction is reasonable under the particular facts of the case. McDonald v. Armontrout, 860 F.2d 1456, 1463 (8th Cir. 1988). Here, where Receivership funds will not be sufficient to fully compensate Receivership beneficiaries, it is reasonable to limit time charged for out of town travel to one half of a professional's normal hourly bill rate.

## V. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Receiver Kelley's Motions to make interim fee payments for Felhaber, Larson, Fenlon & Vogt, P.A. [Docket No. 634] and Paul Engh [Docket No. 638] are **GRANTED IN PART** and **DENIED IN PART**.

2. Receiver Kelley is authorized to make the following payments:

    Felhaber, Larson, Fenlon & Vogt, P.A.    $1,055,353.98

    Paul Engh    $201,317.39

3. Receiver Kelley is directed to seek reimbursement of the foregoing sums to the extent possible under applicable insurance policies, including directors and officers liability policies maintained by Petters Company Inc., Petters Group Worldwide, LLC or any other related entity.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 14, 2009.