UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

        Defendants,

Douglas A. Kelley,

        Receiver,

Gary Hansen,

        Receiver.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

_____

Kevin M. Magnuson, Esq., Kelley & Wolter, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Gregory G. Brooker, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff United States of America.

_____

## I. INTRODUCTION

This matter is before the Court on the motions of Receiver Douglas A. Kelley ("Receiver Kelley") [Docket Nos.702, 706] for authorization to make interim payments from receivership assets for legal work performed on behalf of Defendant Thomas J. Petters ("Defendant Petters"). Receiver Kelley intends to seek reimbursement for payment of the requested fees from a directors and officers insurance policy ("D&O Policy") which has previously provided reimbursement to the receivership for fees and costs incurred in the legal defense of Defendant Petters. Kelley Aff., Nov. 12, 2009 [Docket No. 704] ¶¶ 8-9; Kelley Aff., Nov. 12, 2009 [Docket No. 708] ¶¶ 7-8.

Plaintiff United States of America ("the Government") has filed a response [Docket No. 710] reiterating the Government's goal of preserving receivership assets for victim restitution. The Response further states that, based on Receiver Kelley's representations that the D&O Policy is expected to reimburse the receivership estate for payment of the pending fees, the Government does not oppose the Motions because the requested fees will not deplete the receivership funds ultimately available for restitution.

A hearing was held on November 19, 2009. Counsel for Receiver Kelley and the Government appeared and reaffirmed the positions expressed in their pleadings. No objections have been made to the present Motions.

## II. BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the receivership, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by reference.

## III.  APPROVED FEES

### A.  Felhaber, Larson, Fenlon & Vogt, P.A. ("Felhaber")

The Court's *in camera* review of Felhaber's invoice for legal services provided to Defendant Petters from October 21, 2009 through November 5, 2009 indicates that a reduction is warranted in three areas.  First, the Felhaber invoices, when viewed in conjunction with Engh's invoices for the same time period, reflect that three to five attorneys serving as defense counsel for Defendant Petters attended his trial each day.  It is neither reasonable or customary for more than two attorneys to represent a criminal defendant at trial.  Therefore, the Court will allow trial fees for lead counsel Hopeman and Engh only, and will deduct fees of $13,647.50 billed for additional defense counsels' trial attendance.  Second, professional fees will also be reduced by $800 for out-of-town travel time which was billed at the full hourly rate.  Time charged for out-of-town travel is limited to one half of a professional's normal hourly bill rate in this receivership case.  See Mem. Opinion and Order, Oct. 14, 2009 [Docket No. 658].  Third, expenses will be reduced by $100 to offset charges for one night's lodging at the Bellagio Hotel at the nightly rate of $259.  The receivership will not fully reimburse the expense of high-end accommodations when similar accommodations in the immediate area are available for $150 per night or less.  Id.  The Court finds the remaining fees and expenses billed by Felhaber to be reasonable and necessary.

### B.  Paul Engh ("Engh")

The Court's *in camera* review of Engh's invoice for legal fees provided to Defendant Petters from October 24, 2009 through November 6, 2009 indicates that the services billed were reasonable and necessary.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Receiver Kelley's Motion to make an interim fee payment to Felhaber, Larson, Fenlon & Vogt, P.A. [Docket No. 702] is **GRANTED IN PART** and **DENIED IN PART**, and Receiver Kelley's Motion to make an interim fee payment to Paul Engh [Docket No. 706] is **GRANTED.**

2. Receiver Kelley is authorized to make the following payments:

| | |
|---|---|
| Felhaber, Larson, Fenlon & Vogt, P.A. | $178,380.96 |
| Paul Engh | $52,400.00 |

3. Receiver Kelley is directed to seek reimbursement of the foregoing sums to the extent possible under applicable insurance policies, including directors and officers liability policies maintained by Petters Company Inc., Petters Group Worldwide, LLC or any other related entity.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 23, 2009.