United States of America,

        Plaintiff,

  v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

        Defendants,

Douglas A. Kelley,

        Receiver,

Gary Hansen,

        Receiver.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

_____

Steven E. Wolter, Esq., Kelley & Wolter, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Robyn A. Millenacker Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff United States of America.

Jon M. Hopeman, Esq., Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, MN on behalf of Defendant Thomas Joseph Petters.

_____

## I. INTRODUCTION

This matter is before the Court on the motions of Receiver Douglas A. Kelley ("Receiver Kelley") [Docket Nos. 718, 722] for authorization to make interim payments from receivership assets for legal work performed on behalf of Defendant Thomas J. Petters ("Defendant Petters"). Receiver Kelley intends to seek reimbursement for payment of the requested fees from a directors and officers insurance policy ("D&O Policy") which has previously provided reimbursement to the receivership for fees and costs incurred in the legal defense of Defendant Petters. Wolter Aff., [Docket No. 720] ¶¶ 8-9; Wolter Aff., [Docket No. 724] ¶¶ 7-8.

Plaintiff United States of America ("the Government") has filed a response [Docket No. 729] reiterating the Government's goal of preserving receivership assets for victim restitution. The Response further states that, based on Receiver Kelley's representations that the D&O Policy is expected to reimburse the receivership estate for payment of the pending fees, the Government does not oppose the Motions because the requested fees will not deplete the receivership funds ultimately available for restitution.

A hearing was held on November 25, 2009. Counsel for Receiver Kelley and the Government appeared and reaffirmed the positions expressed in their pleadings. Defendant Petters' lead counsel, Jon Hopeman ("Hopeman"), appeared and orally requested the Court to reconsider the portion of its November 23, 2009 Order [Docket No. 731] denying payment of fees for more than two defense attorneys to represent Defendant Petters in court during his criminal trial. Hopeman described the participatory roles of additional defense counsel at trial, and argued that the prosecution's team of attorneys and federal agents consistently outnumbered that of the defense at trial. Hopeman further stated that the voluminous exhibits, numerous witnesses, and extraordinary amount of money involved in the case required the presence of

additional defense attorneys at trial, and that the presence of additional defense attorneys allowed the trial to proceed more quickly. Following the hearing, Hopeman provided the Court with correspondence between himself and Receiver Kelley in which Hopeman expressed his intent to have three attorneys present during trial.[1]

## II. BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the receivership, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by reference.

## III. APPROVED FEES

### A. Felhaber, Larson, Fenlon & Vogt, P.A. ("Felhaber")

The Court's *in camera* review of Felhaber's invoice for legal services provided to Defendant Petters from November 6, 2009 through November 12, 2009 indicates that three of Defendant Petters' defense attorneys were present in the courtroom for each day of trial during the time period for which fees are requested. The Court has previously denied fees charged for the attendance of more than two defense attorneys at Defendant Petters' criminal trial, because the representation of a criminal defendant by more than two attorneys at trial is almost unprecedented. See Mem. Opinion and Order, Nov. 23, 2009, at 3 (noting that more than two attorneys representing a single defendant at trial is neither reasonable nor customary).

After considering the arguments and weighing the competing equities in this receivership case, the Court will continue to limit fees to payment for only two defense attorneys at trial. Defendant Petters has been provided with a full and robust defense at a cost substantially higher than that which would have been incurred had a public defender been appointed and been

---

[1] The correspondence was provided *in camera* because it included privileged entries concerning Defendant Petters' defense.

reimbursed with Defendant Petters' assets. The Court has approved compensation for two attorneys and an investigator to attend trial each day, and has allowed payment for services provided by at least five defense attorneys and an investigator outside of the courtroom. Although Defendant Petters' counsel urges that fees be allowed to fund a defense team more comparable in size to that of the prosecution, the prosecution carries the burden of proof and has additional responsibilities with regard to possible subsequent legal proceedings. To rebut the prosecutions's case, the defense relied on witness impeachment and the defendant's testimony rather than a sophisticated challenge to the documentary evidence. The defense case presentation was less than one week of testimony.

Counsel for Defendant has been paid a handsome hourly rate and the lion's share of the fees requested have been approved. As the Court noted several months ago, "[u]ncertainty of future payment for legal services is endemic to practicing law, particularly in the context of criminal defense. This case is not unique in requiring counsel to balance their time and expense with consideration to the fact it may not be reimbursed." Mem. Opinion and Order, March 25, 2009 [Docket No. 229] at 12. The Court's continued limitation on payment for a maximum of two defense attorneys at trial results in a $5,287.50 reduction to the present fee request.

A reduction of $546.00 will also be made for services involving an inquiry as to the status of an appeal from this Court's June 30, 2009 Order [Docket No. 440] approving an attorney fee petition. Because the inquiry relates to fee petitions and benefits the interests of counsel, it may not be compensated with receivership funds. See Mem. Opinion and Order, Oct. 12, 2009 [Docket No. 653] at 5 (stating that time spent preparing and defending fee applications will not be compensated).

### B. Paul Engh ("Engh")

The Court's *in camera* review of Engh's invoice for legal fees provided to Defendant Petters from November 8, 2009 through November 13, 2009 indicates that the services billed were reasonable and necessary.

### IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Receiver Kelley's Motion to make an interim fee payment to Felhaber, Larson, Fenlon & Vogt, P.A. [Docket No. 718] is **GRANTED IN PART** and **DENIED IN PART**, and Receiver Kelley's Motion to make an interim fee payment to Paul Engh [Docket No. 722] is **GRANTED.**

2. Receiver Kelley is authorized to make the following payments:

    Felhaber, Larson, Fenlon & Vogt, P.A.        $69,308.40

    Paul Engh        $27,800.00

3. Hopeman's oral motion to reconsider the Court's Order of November 23, 2009 is **DENIED.**

4. Receiver Kelley is directed to seek reimbursement of the foregoing sums to the extent possible under applicable insurance policies, including directors and officers liability policies maintained by Petters Company Inc., Petters Group Worldwide, LLC or any other related entity.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 25, 2009.