United States of America,

        Plaintiff,

v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

        Defendants,

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

Douglas A. Kelley,

        Receiver,

Gary Hansen,

        Receiver.

_____

Steven E. Wolter, Esq., and Kevin M. Magnuson, Esq., Kelley, Wolter & Scott, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Jennifer S. Wilson, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C.

Gregory G. Brooker, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff United States of America.

## I. INTRODUCTION

On December 2, 2009, the Court heard oral argument on the requests of Receiver Douglas A. Kelley ("Receiver Kelley") to authorize him to make interim payments for legal work performed by: 1) Felhaber, Larson, Fenlon & Vogt, P.A. ("Felhaber") [Docket No. 747] and Paul Engh ("Engh") [Docket No. 751] in the representation of Defendant Thomas J. Petters ("Defendant Petters"); 2) Kelley, Wolter & Scott, P.A. ("Kelley Wolter") [Docket No. 735] and Susman Godfrey L.L.P. ("Susman") [Docket No. 739] on behalf of the receivership; and 3) Leonard Street & Deinard P.A. ("Leonard Street") [Docket No.743] on behalf of a former employee of one or more of the Petters entities.

Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C. (collectively "Ritchie") filed an Objection [Docket No. 756] renewing its general objections to the Receiver's motions for fees on grounds previously rejected by the Court. In its Objection and at the hearing, Ritchie also reiterated its objection to the Receiver's delay in filing fee petitions and urges the fee petitions must be filed more closely in time to when services are provided. Ritchie also contends that the Receiver's affidavit supporting the Susman fee petition does not provide sufficient detail to determine whether the services benefitted the receivership.

Plaintiff United States of America ("the Government") filed a Response [Docket No. 759] to the Motions, reiterating the Government's goal of preserving receivership assets for victim restitution. The Government does not oppose the Felhaber and Engh fee petitions, based

2

on representations by Receiver Kelley that a director and officers insurance policy (the "D&O Policy") maintained by one of Petters' entities is expected to reimburse the receivership estate for payment of the fees. Additionally, the Government does not oppose the fee petitions of Kelley & Wolter or of Susman, the firm hired by Receiver Kelley to investigate claims against entities who provided services to one or more Petters entities. Finally, the Government raises a two-fold objection to the fee petition of Leonard Street, noting first that a large number of professionals provided services for what appears to be a discrete project, and second that because the D&O Policy has not reimbursed the receivership for fees paid to represent individuals other than Defendant Petters, payment of Leonard Street's fees will likely diminish funds in the receivership estate.

## II. BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the Receivership, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by reference.

## III. APPROVED FEES

### A. Felhaber

The Court's *in camera* review of Felhaber's invoice for legal services provided to Defendant Petters from November 13, 2009 through November 19, 2009 reflects three of Defendant Petters' defense attorneys present in the courtroom for each day of trial during the time period for which fees are requested. As previously stated, fees for the attendance of more than two defense attorneys at trial will not be paid with receivership funds. See Mem. Opinion and Order, Nov. 23, 2009 [Docket No. 731] at 3; Mem. Opinion and Order, Nov. 25, 2009

[Docket No. 755] at 3-4. Accordingly, $6,462.50 will be deducted from Felhaber's present fee request. The Court also notes that Felhaber's invoices reflect an increased billing rate for two of its associates. Consistent with its previous ruling, the Court will require professionals to maintain their 2008 billing rates when providing services to the receivership. See Mem. Opinion and Order, Sept. 1, 2009 [Docket No. 536] at 9. This requirement will continue through the 2010 billing period, based on the equities of this receivership case in which professional fees continue to draw from receivership funds which will ultimately be available for creditors and victims. The amount requested in the present Felhaber fee petition reflects a reduction to Felhaber's invoice already made by Receiver Kelley in conformance with the Court's billing rate rule. Thus, no further reduction will be made to Felhaber's fee petition on that basis.

**B. Engh**

The Court's *in camera* review of Engh's invoice for legal fees provided to Defendant Petters from November 8, 2009 through November 13, 2009 has shown the services billed were reasonable and necessary. The Engh fee petition is approved in the amount requested.

**C. Kelley Wolter**

The Court's *in camera* review of Kelley Wolter's invoice for services provided to the receivership estate in February, 2009 indicates that the services billed were reasonable and necessary based on the volume and complexity of the required tasks. During this billing period, several receivership assets were liquidated, additional assets were recovered, and tax information was collected and organized for the many entities and individuals whose assets are subject to the receivership. The fee petition for Kelley Wolter is approved in the amount requested. At the hearing, counsel for Receiver Kelley committed to making best efforts to submit future fee

petitions in a more timely manner.  The Court expects the Receiver to fulfill this commitment.

### D.  Susman

The amount requested in the Susman fee petition is substantial, and the billing entries provided in Susman's invoices, while detailed, are insufficient for the Court to determine whether the services performed were necessary to achieve a work product commensurate to the cost incurred by the receivership.  As a result, the Court will require Receiver Kelley to provide for the Court's *in camera* review a narrative description of the nature of the work performed, the reason for the significant amount of resources expended on the project, and an evaluation of the resulting work product.  Receiver Kelley shall provide the narrative to the Court on or before December 15, 2009.  No ruling will be made as to the Susman fee petition without further amplification of its work.

### E.  Leonard Street

The invoices supporting the fee application for Leonard Street fail to conform to several guidelines adopted by the Court in approving fee petitions.  First, all entries are billed in quarter-hour increments, resulting in over-billing where brief tasks are performed.  See Mem. Opinion and Order, March 25, 2009 [Docket No. 229] n.2 (reducing fees for brief tasks billed in quarter-hour increments).  Second, the hourly billing rates for some professionals providing services were increased in 2009.  As discussed above, the Court will require all professionals to maintain their 2008 billing rates for this receivership case.  Third, the majority of billing entries are so generalized and vague that the Court is unable to determine the purpose and reasonableness of the service.  For example, billing entries such as "telephone conference with client," "meeting with client," "prepare correspondence," and "review records" are inadequate to allow the Court

to determine the nature of the service and whether the time expended was reasonable. The Court understands counsel's reluctance to provide sensitive information concerning the services provided, but such disclosure is limited to the *in camera* review by Receiver Kelley and by the Court. The Court also notes that Leonard Street's billing entries are far less descriptive than those submitted by counsel representing any of the defendants who have been criminally charged in this matter. Accordingly, the Leonard Street fee petition will be denied without prejudice to renew the request for fees with more specificity, at 2008 billing rates, and in tenth-hour increments for services involving brief tasks.

## IV. CONCLUSION

Based on Receiver Kelley's recommendations, the pleadings contained herein, and the invoices submitted for the Court's *in camera* review,

**IT IS HEREBY ORDERED** that:

1. Receiver Kelley's motions are **GRANTED** as to Docket Nos. 751 and 735, and Receiver Kelley is authorized to make payments as follows:

    a. Paul Engh                         $27,600.00

    b. Kelley, Wolter & Scott, P.A.       $295,730.30

2. Receiver Kelley's motion is **GRANTED IN PART** and **DENIED IN PART** as to Docket No. 747, and Receiver Kelley is authorized to make payments as follows:

    a. Felhaber, Larson, Fenlon & Vogt, P.A.    $112,661.97

3. Receiver Kelley's motion as to Susman's fee petition [Docket Number 739] remains under advisement pending Receiver Kelley's providing to the Court on or

before December 15, 2009 for the Court's *in camera* review a narrative description of the services performed by Susman.

4. Receiver Kelley's motion as to Leonard Street's fee petition [Docket No. 743] is **DENIED** without prejudice to renew the motion with more specificity as to the services performed by Leonard Street and in conformance with the billing practices described in this Order.

5. Receiver Kelley is directed to seek reimbursement of the foregoing sums to the extent possible under applicable insurance policies, including directors and officers liability policies maintained by Petters Company Inc., Petters Group Worldwide, LLC or any other related entity.

                BY THE COURT:

                s/Ann D. Montgomery
                ANN D. MONTGOMERY
                U.S. DISTRICT JUDGE

Dated: December 4, 2009.