UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

 v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

    Defendants,

Douglas A. Kelley,

    Receiver,

Gary Hansen,

    Receiver.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

_____

Douglas A. Kelley, Esq., Kelley, Wolter & Scott, P.A., Minneapolis, MN, and Daryle L. Uphoff, Lindquist & Vennum PLLP, Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Jon M. Hopeman, Felhaber Larson Fenlon & Vogt, P.A., Minneapolis, MN, on behalf of Felhaber Larson, Fenlon & Vogt, P.A., Paul Engh, and Thomas J. Petters.

Jennifer S. Wilson, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C.

AUSA Gregory G. Brooker and AUSA Robyn A. Millenacker, Minneapolis, MN, on behalf of Plaintiff United States of America.

_____

## I. INTRODUCTION

On December 16, 2009, the Court heard oral argument on the requests of Receiver Douglas A. Kelley ("Receiver Kelley") to authorize him to make interim payments for legal work performed by Felhaber, Larson, Fenlon & Vogt, P.A. ("Felhaber") [Docket No. 777] and Paul Engh ("Engh") [Docket No. 781] in the representation of Defendant Thomas J. Petters ("Defendant Petters"), and by Kelley, Wolter & Scott, P.A. ("Kelley Wolter") [Docket No. 765], Lindquist & Vennum PLLP ("Lindquist & Vennum") [Docket No. 769], and Susman Godfrey L.L.P. ("Susman Godfrey") [Docket No. 773] on behalf of the receivership estate.

Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C. (collectively "Ritchie") filed an Objection [Docket No. 793] renewing its general objections to the Receiver's motions for fees on grounds previously rejected by the Court. In its Objection and at the hearing, Ritchie voiced its continued concern over the Receiver's delay in filing fee petitions, argued that the affidavit supporting the Susman Godfrey fee petition does not provide sufficient detail to determine whether the services benefitted the receivership, and urged public disclosure of the invoices supporting the fee petitions now that a jury has found Defendant Petters guilty of the charges in the criminal case.

Plaintiff United States of America ("the Government") filed a Response [Docket No.

798] to the Motions, reiterating the Government's goal of preserving receivership assets for victim restitution. The Government expressed concern that the receivership estate may not be reimbursed by a director and officers insurance policy (the "D&O Policy") for payment of Petters' attorney fees now that Petters has been found guilty of fraud and other crimes. The Government requested the Motions to pay Petters' criminal defense fees be deferred until further discussions with the D&O Policy carrier have taken place. The Government also stated that it does not oppose payment for services provided to the receivership estate by Receiver Kelley or other professionals.

At the hearing, Jon Hopeman ("Hopeman") urged approval of the criminal defense fees, stating that the D&O Policy carrier is obligated to reimburse the fees prior to final adjudication of Petters' case, and final adjudication will not be reached until Petters has exhausted all direct appeals. Hopeman noted that Receiver Kelley has paid attorney fees for defendants in this case who have entered pleas of guilty, and insisted Petters' attorney fees should be paid as well. Hopeman further argued that the stipulations [Docket Nos. 11, 54] between Petters and the Government for entry of a preliminary injunction and establishment of a receivership include a provision that the Receiver will defend Petters in cases filed against him.

## II. BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the receivership estate, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by reference. The present fee requests are the first to be filed subsequent to the jury verdict finding Petters guilty on all twenty counts relating to a massive Ponzi scheme.

3

## III.  APPROVED FEES

### A.  Lindquist & Vennum

Lindquist & Vennum serves as counsel to Receiver Kelley and has provided legal assistance for myriad issues relating to the assembly and liquidation of receivership assets. Lindquist & Vennum's March and April, 2009 invoices show that all services performed were reasonable and necessary, and Lindquist & Vennum's fees and expenses are therefore approved in the amount requested.

### B.  Kelley Wolter

The Court's *in camera* review of Kelley Wolter's March, 2009 invoice similarly results in a finding that the services billed were reasonable and necessary.  Kelley Wolter's fees and expenses are approved in the amount requested.  At the hearing, Receiver Kelley stated that he will continue his efforts to bring fee requests current for his firm and other professionals providing services to the receivership estate.

### C.  Susman Godfrey

Receiver Kelley has provided the Court for *in camera* review a four page narrative description of Susman Godfrey's investigation and evaluation of a possible claim by the receivership estate against a third party.  Upon reviewing the narrative description and Susman Godfrey's detailed invoices, the Court finds the services provided were reasonable and necessary.  The present fee petition will be reduced by $4007 to account for a mathematical error in totaling the Susman Godfrey invoices.  The previous fee petition for Susman Godfrey [Docket No. 739] which was taken under advisement pending submission of the narrative description is approved in the amount requested.

## IV. CONTINUED MOTIONS

The Court will continue the Motions for payment of fees to Felhaber and Engh until December 22, 2009 to allow the Government to further investigate the D&O Policy carrier's position with respect to reimbursing the receivership estate for payment of Petters' criminal defense fees. The Government's objection, if any, to payment of Felhaber and Engh's fees must be filed on or before December 22, 2009.

## V. CONCLUSION

Based on Receiver Kelley's recommendations, the pleadings contained herein, and the invoices submitted for the Court's *in camera* review,

**IT IS HEREBY ORDERED** that:

1. Receiver Kelley's motions are **CONTINUED** as to Docket Nos. 777 and 781 until December 22, 2009. Any objection by the Government to the continued motions must be filed by that date.

2. Receiver Kelley's motions are **GRANTED** as to Docket Nos. 765, 769, and 739, and **GRANTED IN PART** and **DENIED IN PART** as to Docket No. 773. Receiver Kelley is authorized to make payments as follows:

    a. Kelley, Wolter & Scott, P.A.    $274,026.89

    b. Lindquist & Vennum PLLP    $190,569.65

    c. Susman Godfrey L.L.P.    $537,390.17

3. Receiver Kelley is directed to seek reimbursement of the foregoing sums to the extent possible under applicable insurance policies, including directors and

officers liability policies maintained by Petters Company Inc., Petters Group Worldwide, LLC or any other related entity.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 17, 2009.