# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

   Plaintiff,

 v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

   Defendants,

Douglas A. Kelley,

   Receiver,

Gary Hansen,

   Receiver.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

___

Steven E. Wolter, Esq., Kelley, Wolter & Scott, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Jennifer S. Wilson, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C.

Assistant United States Attorney Gregory G. Brooker, Minneapolis, MN, on behalf of Plaintiff United States of America.

___

## I. INTRODUCTION

On January 7, 2010, the Court heard oral argument on the requests of Receiver Douglas A. Kelley ("Receiver Kelley") [Docket Nos. 806, 810, 814, 818, 822, 826, 830, 834, 838, and 842] to authorize him to make interim payments for professional services. The professional services fall under the following categories: 1) legal, tax and accounting services performed on behalf of the receivership; 2) legal work provided to individuals who are not named defendants, but who were brought into legal proceedings as a consequence of their present or former employment with various Petters entities; and 3) legal work performed in the representation of named defendants Thomas J. Petters ("Defendant Petters"), James Wehmhoff ("Defendant Wehmhoff") and Michael Catain ("Defendant Catain") (collectively, "the Individual Defendants").

Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C. (collectively "Ritchie") filed an Objection [Docket No. 846] renewing its general objections to the Receiver's motions for fees on grounds previously rejected by the Court. Ritchie's Objection also: 1) expressed continued concern over the delay in filing fee petitions; 2) argued the present Motions were not adequately noticed; 3) questioned whether Receiver Kelley is being compensated with receivership funds for duties he performs as Chapter 11 Trustee for Petters Company, Inc. ("PCI") and Petters Group Worldwide ("PGW"); and 4) noted the fee request of Defendant Petters' counsel Felhaber, Larson, Fenlon & Vogt, P.A. ("Felhaber")

appears excessive.

At the hearing, counsel for Receiver Kelley explained that the Felhaber fee request includes an invoice for investigative fees performed in September which was only recently submitted to Receiver Kelley. Counsel for Receiver Kelley also stated that the duties performed by Kelley in his role as Chapter 11 Tustee for PCI and PGW are not being charged to the receivership estate.

Plaintiff United States of America ("the Government") filed a Response [Docket No. 848] to the Motions, reiterating the Government's goal of preserving receivership assets for victim restitution. The Government expressed concern that a director and officers insurance policy (the "D&O Policy") may not reimburse the receivership estate for payment of Defendant Petters' attorney fees now that Defendant Petters has been found guilty of fraud and other crimes. However, the Government also acknowledged at the hearing that the D&O Policy requires defense fees to be approved by the Court and paid to counsel before the receivership may be reimbursed.

## II. BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the receivership estate, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by reference.

## III. DISCUSSION

### A. SUFFICIENT NOTICE

Receiver Kelley has provided proper notice for the present fee applications. The Court's

established procedures for fee applications in this receivership case require a minimum of one week's notice. See Mem. Opinion and Order, June 30, 2009 [Docket No. 440] at 11. The notice period is adequate based on the routine nature of the fee applications. Parties may request an extension of the one week notice period for situations where additional time to respond is needed. The present fee requests were filed at least eight days prior to the hearing and therefore were properly noticed under the Court's procedures.

### B. APPROVED FEES

#### 1. Receivership Fees

The Court's *in camera* review of the invoice underlying Kelley, Wolter & Scott, P.A.'s ("Kelley Wolter") fee petition [Docket No. 842] results in a finding that the services billed were reasonable and necessary and that no services relating to Kelley's role as Chapter 11 Trustee were charged to the receivership estate.[1] Kelley Wolter's fees and expenses are approved in the amount requested. Similarly, the invoices supporting the fee petitions of accountant Tonya Rosso [Docket No. 838] and tax professionals Bernick, Lifson, Greenstein, Greene & Liszt, P.A. [826] reflect services which were reasonable and necessary, and those fee requests are approved as submitted.

#### 2. Counsel for Present and Former Employees

The invoices supporting the fee applications of counsel for current and former Petters entities' employees [Docket Nos. 822, 830 and 834] reflect reasonable and necessary fees and costs. With the exception of a $309.50 reduction to Best & Flanagan, LLP's fees for services

---

[1] The Court's *in camera* review of invoices supporting fee applications in this receivership case has consistently included an analysis of whether the services are more properly charged to the bankruptcy estate. See, e.g., Mem. Opinion and Order, June 30, 2009 [Docket No. 440] at 8 (deducting fees and costs relating to bankruptcy estates from amount requested in fee petition).

relating to payment of attorney fees, the Court will approve the fees and expenses in the amount requested.

### 3. Counsel for Individual Defendants

The Court's in camera review of the invoices submitted by counsel for the Individual Defendants reveals that, with the exception of out-of-town travel time billed at full hourly rates by T. McDonough, an investigator retained by Defendant Petters, all services and costs were reasonable and necessary. McDonough's requested fees, which are incorporated into the Felhaber fee request [Docket No. 806], will be reduced $500. The remaining fee petitions for Individual Defendants' counsel [Docket Nos. 810, 814, and 818] are approved in the amount requested.

## C. PRE-VERDICT FEES AND EXPENSES

As the Court stated at the hearing, now that Defendant Petters' trial has concluded, all pre-verdict fees and expenses incurred by counsel or other professionals retained for Defendant Petters' defense must be submitted immediately. Pre-verdict fees and expenses submitted after February 1, 2010 will not be approved.

## IV. CONCLUSION

Based on Receiver Kelley's recommendations, the pleadings contained herein, and the invoices submitted for the Court's *in camera* review,

**IT IS HEREBY ORDERED** that:

A. Receiver Kelley's motions are **GRANTED** as to Docket Nos. 810, 814, 818, 822, 826, 834, 838 and 842; and **GRANTED IN PART** and **DENIED IN PART** as to

Docket Nos. 806 and 830.  Receiver Kelley is authorized to make payments as follows:

| | | |
|---|---|---|
| 1. | Kelley, Wolter & Scott, P.A. | $297,772.10 |
| 2. | Bernick, Lifson, Greenstein, Greene & Liszt, P.A. | $16,426.27 |
| 3. | Tonya Rosso | $10,146.64 |
| 4. | Peter B. Wold, P.A. | $9,120.00 |
| 5. | Best & Flanagan, LLP | $18,205.10 |
| 6. | Sands & Moskowitz | $22,275.00 |
| 7. | Felhaber, Larson, Fenlon & Vogt, P.A. | $53,300.54 |
| 8. | Paul Engh | $840.00 |
| 9. | Greene Espel P.L.L.P. | $15,954.37 |
| 10. | Colich & Associates | $21,240.00 |

B.  Receiver Kelley is directed to seek reimbursement of the foregoing sums to the extent possible under applicable insurance policies, including directors and officers liability policies maintained by Petters Company Inc., Petters Group Worldwide, LLC or any other related entity.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 11, 2010.