**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,

               Plaintiff,

  v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

               Defendants,

Douglas A. Kelley,

               Receiver,

Gary Hansen,

               Receiver.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

_____

Steven E. Wolter, Esq., Kelley & Wolter, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Jennifer A. Wilson, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C.

Assistant United States Attorney Gregory G. Brooker, Minneapolis, MN, on behalf of Plaintiff United States of America.

## I. INTRODUCTION

On April 15, 2010, the Court heard oral argument on the requests of Receiver Douglas A. Kelley ("Receiver Kelley") [Docket Nos. 962, 966, 970 and 974] to authorize interim payment for legal and accounting services provided to the receivership, and for legal services provided to David Baer ("Baer"), a former employee of Petters Group Worldwide ("PGW") who is not a named defendant but was brought into legal proceedings as a consequence of his former employment.

Plaintiff United States of America ("the Government") filed a Response [Docket No. 985] to the Motions. The Government does not oppose the fee petitions relating to the Receiver and the Receiver's retained professionals and is satisfied with the level of detail the Receiver has provided regarding the tasks, services and work performed on behalf of the receivership during the relevant billing periods. As to the fee petition for Baer's counsel, the Government states that it cannot respond to the reasonableness of the fees requested because it does not have access to the itemized billing statements, but requests that the fee petition be denied if the billing statements do not adequately detail the work performed.

Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C. (collectively "Ritchie") filed an Objection [Docket No. 982] to the Motions. Ritchie asserts its continued objections to: (1) the fee approval procedures established for this receivership; (2) the Receiver's delay in seeking compensation for himself and his agents; and

(3) the Receiver's use, if any, of funds from corporate or individual receivership accounts to pay for services performed on behalf of individuals whose receivership funds have been depleted. Ritchie also contends the Receiver's description of forensic accounting services provided by Pricewaterhouse Coopers (PwC) is not sufficiently detailed to allow Ritchie or other creditors to evaluate the reasonableness of the time and amount billed for these tasks. Ritchie further urges that any reports produced by PwC must be made available to all creditors so that creditors may: 1) assess whether the reports benefit the receivership estate, and 2) determine whether it is prudent for the Receiver to pursue potential claims against third parties who benefitted from the Ponzi scheme.

## II. BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the receivership estate, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by reference. In December, 2009, a jury found Defendant Petters guilty on all twenty counts relating to a massive Ponzi scheme. He was sentenced to fifty years in prison and is appealing his conviction and his sentence.

## III. APPROVED FEES

### A. Services Provided to the Receivership

The Court's *in camera* review of the billing statements underlying the fee petitions of the Receiver and his counsel result in a finding that, with the exception of $450 charged by Lindquist & Vennum for attendance at a fee hearing, the services and expenses were reasonable and necessary.

With regard to the PwC fee petition [Docket No. 970], the Court finds that disclosure of PwC's time records and work product as urged by Ritchie would increase the Receiver's time and expense and create a risk that privileged information and work product would be inadvertently disclosed. The present fee application procedures properly protect the interests of receivership beneficiaries without imposing undue cost and risk to the receivership estate.

The Court's *in camera* review of PwC's billing statement results in a finding that reductions are warranted in three categories. First, the invoice will be reduced by $43,696 to deny compensation for time spent preparing the billing statement. Second, a reduction of $1,145.42 will be made for meal expense entries exceeding $25 per person. Third, expenses charged for Stratify user licenses and data processing will be deducted. The billing statement indicates fourteen Stratify user licenses were active during the relevant time period. Because the first ten user licenses are free of charge, the receivership was charged for four user licenses. However, ten of the fourteen Stratify user licenses were issued to PwC personnel. It is not reasonable to include PwC personnel in the calculation of user licenses provided to the receivership. The receivership was also charged with a data processing fee on a per-gigabyte basis for the processing of electronic documents. Data processing apparently consists of filtering, de-duplication, and data loading procedures. Given the cost to create the database, the Court is not convinced that charging nearly $67,000 in a one month period to process the information is reasonable. Accordingly, the data processing expenses are denied without prejudice to renew the request with a more detailed description of those charges.

**B. Counsel for Baer**

The Court's *in camera* review of the billing statements supporting the fee petition of Baer's counsel, Leonard Street & Deinard P.A., indicates fees must be reduced for three reasons. First, counsel has essentially increased its rates by retracting the 10% discount that had been uniformly applied to previous invoices.[1] Rate increases have been consistently disallowed for professionals receiving compensation from receivership funds. See Mem. Opinion and Order, Sept. 1, 2009 [Docket No. 536] at 9 (requiring Receiver's counsel to maintain 2008 bill rates); Mem. Opinion and Order, Oct. 14, 2009 [Docket No. 658] at 5 (disallowing 2009 bill rates charged by counsel for named defendants). Baer's counsel, like all other counsel compensated with funds from this receivership estate, will be held to the billing rates applied at the outset of the representation. Second, the number of attorneys and paralegals, sixteen in all, who billed their time on this matter is excessive. It is neither reasonable nor necessary to compile a team of this magnitude to represent a single individual who is not a named defendant in these proceedings. Third, several billing entries relate to legal advice extending to matters beyond defending Baer against possible liability for actions taken in the scope of his employment. Such entries include unemployment matters, individual tax issues, and services relating to reimbursement of legal fees under a Directors and Officers Liability Insurance Policy (the "D&O

---

[1] A previous fee petition [Docket No. 743] for Leonard Street & Deinard was denied because the underlying billing statements lacked sufficient detail, billed in quarter-hour increments, and reflected an increase in hourly billing rates from 2008. Mem. Opinion and Order, Dec. 4, 2009 [Docket No. 764] at 5-6. The present fee petition requests payment for services contained in the previous request, as well as an additional six months' of services.

Policy").[2]  Accordingly, the fees granted to Leonard Street & Deinard will be reduced to $70,000.

## IV.  CONCLUSION

Based on Receiver Kelley's recommendations, the pleadings contained herein, and the invoices submitted for the Court's *in camera* review,

**IT IS HEREBY ORDERED** that:

1. Receiver Kelley's motion is **GRANTED** as to Docket No. 962, and **GRANTED IN PART** and **DENIED IN PART** as to Docket Nos. 966, 970, and 974.

    Receiver Kelley is authorized to make payments as follows:

    a. Kelley Wolter & Scott, P.A.        $260,711.31

    b. Pricewaterhouse Coopers, LLP    $718,704.53

    c. Lindquist & Vennum, PLLP        $107,968.81

    d. Leonard Street & Deinard P.A.   $70,000.00

2. Receiver Kelley is directed to seek reimbursement of the foregoing sums to the extent possible under applicable insurance policies, including directors and officers liability policies maintained by Petters Company Inc., Petters Group Worldwide, LLC or any other related entity.

---

[2] The services relating to the D&O Policy duplicate work performed by the Receiver, who is actively pursuing reimbursement to the receivership estate by the D&O Policy carrier. Where the interest of a receivership estate is adequately represented by counsel, unnecessary action by others on the receivership's behalf will not be compensated.  Veeder v. Public Service Holding Corp., 51 A.2d 321, 325-26 (Del. 1947).

BY THE COURT:


                 <u>    s/Ann D. Montgomery    </u>
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 23, 2010.