# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

 v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

    Defendants,

Douglas A. Kelley,

    Receiver,

Gary Hansen,

    Receiver.

**MEMORANDUM OPINION AND ORDER**
Civil No. 08-5348 ADM/JSM

___

Steven E. Wolter, Esq., Kelley Wolter & Scott, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Jennifer A. Wilson, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C.

Assistant United States Attorney Gregory G. Brooker, Minneapolis, MN, on behalf of Plaintiff United States of America.

## I.  INTRODUCTION

On April 23, 2010, the Court heard oral argument on the requests of Receiver Douglas A. Kelley (the "Receiver") [Docket Nos. 986, 990, 994, 998, 1002, and 1006] to authorize interim payment for legal and accounting services provided to the receivership, and for legal services provided to a former Petters Group Worldwide, LLC ("PGW") employee who is not a named defendant but was brought into legal proceedings as a consequence of his former employment.

Plaintiff United States of America ("the Government") filed a Response [Docket No. 1013] to the Motions.  The Government is satisfied with the level of detail the Receiver has provided regarding the tasks, services and work performed by the Receiver and his law firm Kelley Wolter & Scott, P.A. ("Kelley Wolter"), the Receiver's counsel Lindquist & Vennum PLLP ("Lindquist & Vennum"), and the Receiver's forensic accountants PricewaterhouseCoopers LLP ("PwC").  Therefore, the Government does not oppose those fee petitions.  With regard to other three fee petitions, the Government states that because it does not have access to the underlying billing statements it cannot respond to the reasonableness of the fees requested by Pillsbury, Winthrop, Shaw, Pitman, LLP ("Pillsbury Winthrop") for intellectual and patent work provided to a PGW subsidiary; Fruth Jamison & Elsass, PLLC ("Fruth Jamison") for advice and representation provided to the Receiver regarding issues involving JP Morgan Chase; and Maslon, Edelman, Borman & Brand, LLP ("Maslon Edelman") for legal services provided to a former PGW employee.

Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment

I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C. (collectively "Ritchie") filed an Objection [Docket No. 1014] to the Motions. Ritchie renews its previously asserted objections, particularly to: (1) the fee approval procedures established for this receivership; (2) the Receiver's delay in seeking compensation for himself and his agents; and (3) the Receiver's use, if any, of funds from corporate or individual receivership accounts to pay for services performed on behalf of individuals whose receivership funds have been depleted. Ritchie expresses continued concern over the amount of fees requested by PwC and seeks disclosure of the PwC billing statements so creditors may evaluate the reasonableness of PwC's services and determine whether some fees would be more appropriately charged to Petters entities' bankruptcy estates. Ritchie further urges that reports produced by PwC for the Receiver be made available to all creditors so creditors may evaluate whether potential clawback litigation will benefit the receivership estate.

## II. BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the receivership estate, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by reference.[1] In December, 2009, a jury found Defendant Petters guilty on all twenty counts relating to a massive Ponzi scheme. He was sentenced to fifty years in prison and is appealing his conviction and his sentence.

---

[1] Fee applications for services provided to the receivership estate must also comply with the procedures contained in a Joint Report submitted by the Receiver and the Government. See Memorandum Opinion and Order, March 5, 2010 ("March 5, 2010 Order") [Docket No. 956] at 6 (adopting fee proposal in Joint Report [Docket No. 945] at 2-3). Additionally, fee petitions for receivership services provided in 2009 must be filed by June 1, 2010. March 5, 2010 Order at 6.

## III. APPROVED FEES

### A. Services Provided to the Receivership

The Court's *in camera* review of the billing statements underlying the fee petitions of Kelley Wolter, Lindquist & Vennum, and Fruth Jamison results in a finding that, with the exception of $426 charged by Lindquist & Vennum for services relating to payment of their fees, the services and expenses billed were reasonable and necessary.

The fee petition of Pillsbury Winthrop will be reduced by $517.50 to offset a billing rate increase which took effect in 2009. Rate increases have been consistently disallowed for professionals receiving compensation from receivership funds. See Mem. Opinion and Order, Sept. 1, 2009 [Docket No. 536] at 9 (requiring Receiver's counsel to maintain 2008 bill rates); Mem. Opinion and Order, Oct. 14, 2009 [Docket No. 658] at 5 (disallowing 2009 bill rates charged by counsel for named defendants); Mem. Opinion and Order, April 23, 2010 [Docket No. 1017] at 5 (requiring a former PGW employee's counsel to maintain the billing rate applied at the outset of the representation).

The Court's *in camera* review of PwC's billing statement results in a finding that reductions are warranted in four categories. First, the invoice will be reduced by $35,542 to deny compensation for time spent preparing the billing statement. Second, a reduction of $1350.26 will be made for meal expense entries exceeding $25 per person. Third, user license fees for the Stratify database created by PwC will be reduced by $510 because ten PwC employees were included in the number of user licenses purchased by the receivership. Finally, data processing expenses of $84,338.31 for the Stratify database appear unreasonable given the amount already expended to create the database. The data processing expenses are denied

without prejudice to renew the expense request with further explanation and specificity as to the reasonableness of this charge to the Receivership.

**B.  Services Provided to Former PGW Employee**

The Court's *in camera* review of the invoice supporting the Maslon Edelman fee petition results in a finding that all services and expenses billed were reasonable and necessary. The Maslon Edelman fee petition is approved in the amount requested.

## IV.  CONCLUSION

Based on Receiver Kelley's recommendations, the pleadings contained herein, and the invoices submitted for the Court's *in camera* review,

**IT IS HEREBY ORDERED** that:

1. Receiver Kelley's motion is **GRANTED** as to Docket Nos. 986, 994, and 998, and **GRANTED IN PART** and **DENIED IN PART** as to Docket Nos. 990, 1002, and 1006.  Receiver Kelley is authorized to make payments as follows:

    a.  Kelley Wolter & Scott, P.A.           $271,005.18

    b.  PricewaterhouseCoopers LLP            $685,929.97

    c.  Lindquist & Vennum, PLLP              $66,361.19

    d.  Fruth Jamison & Elsass, PLLC          $73,598.80

    e.  Pillsbury Winthrop Shaw Pitman, LLP   $12,336.27

    f.  Maslon Edelman Borman & Brand, LLP    $1,939.40

2. Receiver Kelley is directed to seek reimbursement of the foregoing sums to the extent possible under applicable insurance policies, including directors and

5

officers liability policies maintained by Petters Company Inc., Petters Group Worldwide, LLC or any other related entity.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 29, 2010.