UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 0:08-05348 (ADM/JSM) |
| Plaintiff, | **RITCHIE'S OBJECTION TO RECEIVER'S MOTIONS FOR ORDERS APPROVING FEE APPLICATIONS FILED APRIL 28, 2010** |
| v. | |
| Thomas J. Petters, et al., | |
| Defendants. | |

---

Petitioners, Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management, L.L.C. (hereinafter "Ritchie") respectfully object to the Motions for Orders Approving Fee Applications of Haynes and Boone, LLP [1030], James F. Ostgard [1034], Dorsey & Whitney LLP [1038], Lindquist & Vennum PLLP [1042], PricewaterhouseCoopers LLP [1046], and Kelley, Wolter & Scott, P.A. [1050]. Further, Ritchie asks the Court to review previously approved billings by PricewaterhouseCoopers LLP for expenses the Court subsequently has found unreasonable.

Ritchie renews and incorporates by reference the general objections it previously asserted[1] in response to the Receiver's Motions for Fees to be paid from the Receivership assets, particularly its objections to the procedures being used to determine payment of fees; the tardiness of the Receiver's Motions for compensation sought by the Receiver and his agents; and the Receiver's use, if any, of corporate funds or funds from the individual Receivership accounts to pay for services related to individuals whose Receivership funds have been depleted.

Ritchie has insufficient information regarding this and all service providers' activities for which they bill in order to determine if fees are reasonable and the activities benefit the Receivership. For example, Ritchie and the other creditors have no way to evaluate whether or not the amount of time billed is reasonable for these tasks and whether the tasks were undertaken by a timekeeper at an appropriate level of expertise and corresponding billing rate.

At some point, some of these service providers have sought or will seek fees in relation to the bankruptcy matters. Without further information about services billed under the present motion, the creditors cannot effectively evaluate them for potential repeat billing of invoices previously presented to this Court or to the bankruptcy court. These matters are large, complicated and highly interrelated. Intentional or not, double billings easily can occur, and the creditors involved in both forums are in a better position than the individual courts to evaluate for double billing, if they are armed with sufficient

---

[1] Docket Nos. 263, 376, 499, 756, 793, 846, 889, 936, 982 and 1014.

information. The Receiver would not be prejudiced by divulging such information. Any privileged analysis or information can be redacted from more detailed bills.

Ritchie and the other creditors victim to Petters' criminal activities also need PwC LLP's work product to evaluate the extent to which it forms the basis of the Government's Preliminary Proposed Restitution Order filed recently in the criminal matter.[2] Ritchie understands that PwC work product was released to the prosecutor, yet the prosecutor and Receiver Kelley refuse to release it to Ritchie for their use in responding to the Proposed Restitution Order. The Receivership should not foot the bill for materials used to investigate Petters' criminal activities and restitution for the same. If the Government has relied on these materials in formulating its proposed restitution to victims, it should assist in payment for their preparation.[3]

Finally, Ritchie asks the Court to revisit the PwC LLP bills it previously approved.[4] The Court recently disallowed fees PwC LLP sought for time spent preparing its billing statements and data processing expenses for the Stratify database as unreasonable. The Court should determine if PwC LLP sought and obtained payment for these two unreasonable expenses in previous billings and deduct any such expenses from

---

[2] Government's Preliminary Proposed Restitution Order, United States v. Petters, Crim. No. 08-364 (D. Minn. April 28, 2010).

[3] Ritchie notes for the record the extreme prejudice it faces by the Receiver's refusal to date to provide it with any reports or work product from PwC LLP. Objections to the Proposed Restitution Order are due May 12, 2010, yet Ritchie has not been given information upon which the Proposed Order is based and cannot effectively formulate objections. Ritchie is forced to operate without critical information when that very information can be used to potentially damage its claims to victim restitution funds.

[4] See Docket Nos. 339, 559, 924, 928 and 970.

the current amount PwC LLP seeks.  PwC LLP to date has been paid over $ 4 million dollars in fees;[5] that it should ask to be paid for the time it spends preparing its own invoices is galling.

Ritchie previously projected that, for services through April 1, 2010, PwC LLP will take $ 9.8 million in fees from receivership funds.[6]  However, this projection now appears low.  At a rate of $ 800,000 a month, PwC LLP will get an additional $ 8 million to cover bills from June 15, 2009 through April 15, 2010, for a total of $ 13.6 million.  PwC LLP's present request for over million dollars for one month of work is astounding.  One wonders, given the likelihood that the victim-creditors intended to benefit from this Receivership will get less than full recovery, how the $ 4 million plus already paid to PwC, the million dollars now sought, and the $ 13 million projected can be seen as anything but excessive.

---

5 Grantland Decl. Ex. 1 submitted in support of Ritchie's Objection filed April13, 2010 [983].
6 Id.

Respectfully submitted,

Dated: April 30, 2010                              *s/ Jennifer S. Wilson*

                KELLY & BERENS, P.A.
                Timothy D. Kelly (#54926)
                Jennifer S. Wilson (#0281037)
                Max H. Kieley (#0389363)
                3720 IDS Center
                80 South Eighth Street
                Minneapolis, Minnesota 55402
                (612) 349-6171

                Brenda Grantland, Esq.
                Admitted *Pro Hac Vice*
                Law Office of Brenda Grantland
                20 Sunnyside Suite A-204
                Mill Valley, CA 94941
                (415) 380-9108

                ***Attorneys for Ritchie Special Credit Investments, Ltd., Rhone Holdings II., Ltd., Yorkville Investments I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management, L.L.C.***