UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

        Defendants,

Douglas A. Kelley,

        Receiver,

Gary Hansen,

        Receiver.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

_____

Steven E. Wolter, Esq., Kelley Wolter & Scott, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Jennifer A. Wilson, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C.

Assistant United States Attorney Gregory G. Brooker, Minneapolis, MN, on behalf of Plaintiff United States of America.

## I. INTRODUCTION

On May 3, 2010, the Court heard oral argument on the requests [Docket Nos. 1018, 1022, and 1026] of Receiver Douglas A. Kelley (the "Receiver") to authorize interim payment for legal and accounting services provided to the receivership.

Plaintiff United States of America ("the Government") filed a Response [Docket No. 1055] to the Motions. The Government is satisfied with the level of detail the Receiver has provided regarding the tasks, services and work performed by the Receiver and his law firm Kelley Wolter & Scott, P.A. ("Kelley Wolter"), the Receiver's counsel Lindquist & Vennum PLLP ("Lindquist & Vennum"), and the Receiver's forensic accountants PricewaterhouseCoopers LLP ("PwC"). Therefore, the Government does not oppose the fee petitions.

Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C. (collectively "Ritchie") filed an Objection [Docket No. 1068] to the Motions.[1] Ritchie renews its previously asserted objections to: (1) the fee approval procedures established for this receivership; (2) the Receiver's delay in seeking compensation for himself and his agents; and (3) the Receiver's use, if any, of funds from corporate or individual receivership accounts to pay

---

[1] Ritchie's Objection references six fee petitions [Docket Nos. 1030, 1034, 1038, 1042, 1046, and 1050] scheduled for hearing in the near future. However, Ritchie's counsel indicated during oral argument that the Objection is intended to also address the present Motions.

for services performed on behalf of individuals whose receivership funds have been depleted. Ritchie expresses continued concern over the amount of fees requested by PwC and seeks disclosure of the PwC billing statements so creditors may evaluate the reasonableness of PwC's services, determine whether some fees would be more appropriately charged to Petters entities' bankruptcy estates, and ensure that services are not billed in both the receivership and bankruptcy cases. Ritchie further urges that reports produced by PwC for the Receiver be made available to all creditors so creditors may respond to the Government's Preliminary Proposed Restitution Order filed in Defendant Petters' criminal case.[2] Finally, Ritchie requests the Court to determine whether categories of PwC's fees and expenses recently disallowed by the Court have been allowed in previous fee awards.

## II. BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the receivership estate, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by reference.[3] In December, 2009, a jury found Defendant Petters guilty on all twenty counts relating to a massive Ponzi scheme. He was sentenced to fifty years in prison and is appealing his conviction and his sentence. See U.S. v. Petters, 08-cr-00364 RHK/AJB (D. Minn.) ("Petters

---

[2] Ritchie has also filed an emergency motion to intervene in Defendant Petters' criminal case to obtain the PwC data used by the Government to compile the Preliminary Proposed Restitution Order. See U.S. v. Petters, 08-cr-00364 RHK/AJB (D. Minn.) [Docket Nos. 436, 410].

[3] Fee applications for services provided to the receivership estate must also comply with the procedures contained in a Joint Report submitted by the Receiver and the Government. See Memorandum Opinion and Order, March 5, 2010 ("March 5, 2010 Order") [Docket No. 956] at 6 (adopting fee proposal in Joint Report [Docket No. 945] at 2-3).

Criminal") [Docket Nos. 400, 401]. The determination of restitution is scheduled for June 9, 2010. [Petters Criminal Docket No. 400] at 5.

### III. DISCUSSION

**A.     Ritchie Obections**

    **1.     Double Billing**

Ritchie's concern that PwC's services will be doubly billed in the bankruptcy and receivership cases is premature, because PwC has not applied for compensation in the bankruptcy cases. Moreover, PwC billing statements for services provided on or after March 1, 2010 must be electronically filed with the Court, thus enabling parties to monitor for double billing if PwC were to seek compensation in the bankruptcy cases at some point in the future.

    **2.     Retroactive Review**

Ritchie's request that the Court retroactively review prior PwC billing statements to disallow certain fee and expense categories is unnecessary. The Court has consistently disallowed compensation for time spent preparing billing statements, and data processing expenses have not been requested by PwC prior to the fee petitions considered in the Court's Memorandum and Opinion Orders dated April 23, 2010 [Docket No. 1017] and April 29, 2010 [Docket No. 1054].

    **3.     Disclosure of PwC Work Product**

Ritchie's request for disclosure of reports generated by PwC is more properly asserted in Defendant Petters' criminal case because Ritchie seeks to use the work product to challenge the Government's Preliminary Proposed Restitution Order. Therefore, the request is denied without prejudice to Ritchie's continued efforts in Defendant Petters' criminal case.

### 4. Excessive Fees

The Court shares the concerns voiced by Ritchie and the Government that professional fees continue to diminish the receivership estate. Given the limited amounts victims are expected to recover in this case, professional fees generated at hourly rates exceeding $500 cannot reasonably be paid from the receivership estate. See, e.g., S.E.C. v. W.L. Moody & Co., 374 F. Supp. 465, 485-87 (S.D.Tex. 1974) (determining reasonableness of compensation by reviewing all surrounding circumstances, including sufficiency of estate's resources); S.E.C. v. Aquacell Batteries, Inc., No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026 at *5 (M.D.Fla. Jan 31, 2008) (imposing a 10% reduction to receiver's counsel fees based on limited asset recovery and goal of preserving estate for distribution to investors). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." Hanig v. Lee, 415 F. 3d 822, 825 (8th Cir. 2005). The Court's experience and knowledge regarding local market rates, as well as rates previously charged in this receivership, lead to the conclusion that top quality professional services can be obtained for less than $500 per hour. Accordingly, compensation sought from the receivership for services provided on or after May 1, 2010 may not exceed the hourly rate of $500.[4]

### B. Approved Fees

The Court's *in camera* review of the billing statements underlying the fee petitions of the Receiver and his counsel results in a finding that, with the exception of $450 charged by Lindquist & Vennum for services relating to payment of their fees, the services and expenses

---

[4] In the unlikely event a professional service necessary to the receivership cannot be obtained without violating the $500 ceiling, the Receiver may make a request for an exception.

billed were reasonable and necessary.

The PwC billing statement reviewed by the Court *in camera* will be reduced in four categories.  First, $51,913 will be deducted to deny compensation for time spent preparing the billing statement.  Second, a reduction of $2,535.12 will be made for meal expense entries exceeding $25 per person.  Third, user license fees for the Stratify database created by PwC will be reduced by $714 because fourteen PwC employees were included in the number of user licenses purchased by the receivership.  Finally, data processing expenses of $64,376.70 for the Stratify database appear unreasonable given the amount already expended to create the database, and are therefore denied.

### IV.  CONCLUSION

Based on Receiver Kelley's recommendations, the pleadings contained herein, and the invoices submitted for the Court's *in camera* review,

**IT IS HEREBY ORDERED** that:

1. Receiver Kelley's motion is **GRANTED** as to Docket No. 1018, and **GRANTED IN PART** and **DENIED IN PART** as to Docket Nos. 1022 and 1026.  Receiver Kelley is authorized to make payments as follows:

    a. Kelley Wolter & Scott, P.A.         $239,896.46

    b. Lindquist & Vennum, PLLP           $136,644.97

    c. PricewaterhouseCoopers LLP        $906,805.38

2. Receiver Kelley is directed to seek reimbursement of the foregoing sums to the extent possible under applicable insurance policies, including directors and

officers liability policies maintained by Petters Company Inc., Petters Group Worldwide, LLC or any other related entity.

BY THE COURT:

     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 5, 2010.