UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

        Defendants,

Douglas A. Kelley,

        Receiver,

Gary Hansen,

        Receiver.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

_____

Steven E. Wolter, Esq., Kelley Wolter & Scott, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Jennifer A. Wilson, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C.

Assistant United States Attorney Robyn A. Millenacker, Minneapolis, MN, on behalf of Plaintiff United States of America.

## I.  INTRODUCTION

On May 6, 2010, the Court heard oral argument on the requests [Docket Nos. 1030, 1034, 1038, 1042, 1046, 1050] of Receiver Douglas A. Kelley (the "Receiver") to authorize interim payment for legal and accounting services provided to the receivership, and for legal services provided to seven former or current Petters entities employees who are not named defendants but were brought into legal proceedings as a consequence of their employment.

Plaintiff United States of America ("the Government") filed a Response [Docket No. 1069] to the Motions.  The Government is satisfied with the level of detail the Receiver has provided regarding the tasks, services and work performed by the Receiver and his law firm Kelley Wolter & Scott, P.A. ("Kelley Wolter"), the Receiver's counsel Lindquist & Vennum PLLP ("Lindquist & Vennum"), and the Receiver's forensic accountants PricewaterhouseCoopers LLP ("PwC").  Therefore, the Government does not oppose those fee petitions.  The Government states that it cannot respond to the reasonableness of the fees requested for intellectual patent work provided to PGW subsidiaries by Dorsey & Whitney, LLP ("Dorsey & Whitney") and Haynes & Boone, LLP ("Haynes & Boone"), and for legal services provided by James E. Ostgard ["Ostgard"] to former and current Petters entity employees, because the Government does not have access to the billing statements underlying the fee petitions.

Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management

L.L.C. (collectively "Ritchie") filed an Objection [Docket No. 1068] to the Motions. Ritchie renews its previously asserted objections to: (1) the fee approval procedures established for this receivership; (2) the Receiver's delay in seeking compensation for himself and his agents; and (3) the Receiver's use, if any, of funds from corporate or individual receivership accounts to pay for services performed on behalf of individuals whose receivership funds have been depleted. Ritchie reasserts its concern over the amount of fees requested by PwC and seeks disclosure of the PwC billing statements so creditors may evaluate the reasonableness of PwC's services, determine whether some fees would be more appropriately charged to Petters entities' bankruptcy estates, and ensure that services are not billed in both the receivership and bankruptcy cases. Ritchie further urges that reports produced by PwC for the Receiver be made available to all creditors so creditors may respond to the Government's Preliminary Proposed Restitution Order filed in Defendant Petters' criminal case. Finally, Ritchie requests the Court to determine whether categories of PwC's fees and expenses recently disallowed by the Court have been allowed in previous fee awards.

## II. BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the receivership estate, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by reference.[1] In December, 2009, a jury found Defendant Petters guilty on all twenty counts

---

[1] Fee applications for services provided to the receivership estate must also comply with the procedures contained in a Joint Report submitted by the Receiver and the Government. See Memorandum Opinion and Order, March 5, 2010 ("March 5, 2010 Order") [Docket No. 956] at 6 (adopting fee proposal in Joint Report [Docket No. 945] at 2-3).

relating to a massive Ponzi scheme. He was sentenced to fifty years in prison and is appealing his conviction and his sentence. See U.S. v. Petters, 08-cr-00364 RHK/AJB (D. Minn.) ("Petters Criminal") [Docket Nos. 400, 401].

## III.  DISCUSSION

Ritchie's Objection is overruled for reasons previously articulated by the Court. See Memorandum Opinion and Order, May 5, 2010 [Docket No. 1087] at 4. The Court will continue to follow the fee approval procedures established in this case when reviewing fee petitions.

The Court's *in camera* review of the billing statements underlying the fee petitions of the Receiver and his counsel results in a finding that, with the exception of $189 charged by Lindquist & Vennum for services relating to payment of their fees, the services and expenses billed were reasonable and necessary.

The PwC billing statement reviewed by the Court *in camera* will be reduced in four categories. First, $22,411.50 will be deducted to deny compensation for time spent preparing the billing statement. Second, a reduction of $2,618.54 will be made for meal expense entries exceeding $25 per person. Third, user license fees for the Stratify database created by PwC will be reduced by $714 because fourteen PwC employees were included in the number of user licenses purchased by the receivership. Finally, data processing expenses of $15,511.71 for the Stratify database appear unreasonable given the amount already expended to create the database, and are therefore denied.

The Court's *in camera* review of the invoices supporting the fee petitions for Ostgard and for Dorsey & Whitney results in a finding that all services and expenses were reasonable and necessary. The billing statements underlying the Haynes & Boone fee petition contain six

4

expense entries which appear to reflect services performed by outside law firms. Without further detail regarding the services performed, time spent, and rates charged by the outside firms, the Court cannot determine whether the expenses were reasonable and necessary. Accordingly, "Outside Law Firm" expenses totaling $18,246.80 are denied without prejudice to renewing the request with more specificity. An expense entry entitled "Professional Service Expense - Payee: TK Associates Inc." in the amount of 114.00 will also be deducted for the same reason. Finally, the hourly fee charged by Haynes & Boone's lead attorney on this matter has increased from $505 to $530 per hour since the inception of the receivership. Consistent with the Court's prohibition on fee increases in this receivership case, $2,195 will be deducted to account for 87.8 hours billed at the increased hourly rate.[2] See Mem. Opinion and Order, Sept. 1, 2009 [Docket No. 536] at 9; Mem. Opinion and Order, Oct. 14, 2009 [Docket No. 658] at 5; Mem. Opinion and Order, April 23, 2010 [Docket No. 1017] at 5 (all disallowing rate increases for professionals receiving compensation from receivership funds).

## IV. CONCLUSION

Based on Receiver Kelley's recommendations, the pleadings included herein, and the invoices submitted for the Court's *in camera* review,

**IT IS HEREBY ORDERED** that:

1. Receiver Kelley's motion is **GRANTED** as to Docket Nos. 1034, 1038, and 1050, and **GRANTED IN PART** and **DENIED IN PART** as to Docket Nos.

---

[2] The services underlying Haynes & Boone's present fee petition were provided prior to May 1, 2010. Services provided on or after May 1, 2010 will be subject to the $500 per hour cap recently imposed by the Court for compensation sought from receivership funds. See Mem. Opinion and Order, May 5, 2010 at 5.

1030, 1042, and 1046.  Receiver Kelley is authorized to make payments as follows:

|   |   |   |
|---|---|---|
| a. | Kelley Wolter & Scott, P.A. | $242,966.44 |
| b. | Lindquist & Vennum, PLLP | $84,250.10 |
| c. | PricewaterhouseCoopers LLP | $1,019,012.72 |
| d. | Haynes & Boone LLP | $60,731.19 |
| e. | Dorsey & Whitney LLP | $11,634.24 |
| f. | James E. Ostgard | $19,125.00 |

2. Receiver Kelley is directed to seek reimbursement of the foregoing sums to the extent possible under applicable insurance policies, including directors and officers liability policies maintained by Petters Company Inc., Petters Group Worldwide, LLC or any other related entity.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 11, 2010.