UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

 v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

    Defendants,

Douglas A. Kelley,

    Receiver,

Gary Hansen,

    Receiver.

_____

Steven E. Wolter, Esq., Kelley Wolter & Scott, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Jennifer A. Wilson, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C.

Assistant United States Attorney Robyn A. Millenacker, Minneapolis, MN, on behalf of Plaintiff United States of America.

## I. INTRODUCTION

On May 12, 2010, the Court heard oral argument on the requests [Docket Nos. 1071, 1075, 1079, 1083, 1088, 1092] of Receiver Douglas A. Kelley (the "Receiver") to authorize interim payment for legal and accounting services provided to the receivership, and for legal services provided to three individuals named as defendants in the above captioned case.

Plaintiff United States of America ("the Government") filed a Response [Docket No. 1098] to the Motions. The Government is satisfied with the level of detail the Receiver has provided regarding the tasks, services and work performed by the Receiver and his law firm Kelley Wolter & Scott, P.A. ("Kelley Wolter"), the Receiver's counsel Lindquist & Vennum PLLP ("Lindquist & Vennum"), and the Receiver's forensic accountants PricewaterhouseCoopers LLP ("PwC"). Therefore, the Government does not oppose those fee petitions. The Government states that it cannot respond to the reasonableness of the fees requested for defense counsel Bruno & Nelson, Greene Espel, PLLP ("Greene Espel"), and Colich & Associates ("Colich"), because the Government does not have access to the billing statements underlying the fee petitions.

Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C. (collectively "Ritchie") filed an Objection [Docket No. 1097] to the Motions. Ritchie renews its previously asserted objections to: (1) the fee approval procedures established for this receivership; (2) the Receiver's delay in seeking compensation for himself and his agents; and

(3) the Receiver's use, if any, of funds from corporate or individual receivership accounts to pay for services performed on behalf of individuals whose receivership funds have been depleted. Ritchie also asserts that it has insufficient information to determine whether the requested fees are reasonable and whether the billed services benefitted the receivership estate. Finally, Ritchie reasserts its concern over the amount of fees requested by PwC and the possiblility that PwC's services will be doubly billed in the receivership and bankruptcy cases.

## II. BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the receivership estate, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by reference.[1] In December, 2009, a jury found Defendant Petters guilty on all twenty counts relating to a massive Ponzi scheme. He was sentenced to fifty years in prison and is appealing his conviction and his sentence. See U.S. v. Petters, 08-cr-00364 RHK/AJB (D. Minn.) ("Petters Criminal") [Docket Nos. 400, 401].

## III. DISCUSSION

Ritchie's Objection is overruled for reasons previously articulated by the Court. See Mem. Opinion and Order, June 30, 2009 [Docket No. 440] at 5-6, 8, 11 (addressing objections to fee approval procedures); Mem. Opinion and Order, Sept. 1, 2009 at 6-9 (same); Mem. Opinion and Order, May 5, 2010 [Docket No. 1087] at 4-5 (relating to Ritchie's concerns of double

---

[1] Fee applications for services provided to the receivership estate must also comply with the procedures contained in a Joint Report submitted by the Receiver and the Government. See Memorandum Opinion and Order, March 5, 2010 [Docket No. 956] at 6 (adopting fee proposal in Joint Report [Docket No. 945] at 2-3).

billing and excessive fees).² The Court will continue to follow the fee approval procedures established in this case when reviewing fee petitions.

The Court's *in camera* review of the billing statements underlying the fee petitions of the Receiver and his counsel, Lindquist & Vennum, results in a finding that, with the exception of $1,867.50 charged by Kelley Wolter for more than one attorney's attendance at defendant Petters' criminal trial, the services and expenses billed were reasonable and necessary.

The PwC billing statement reviewed *in camera* by the Court will be reduced in the following areas. Compensation for time spent preparing the billing statement is disallowed in the amount of $46,840.50. Meal expense entries exceeding $25 per person are reduced by a total of $1,062.86. User license fees for the Stratify database created by PwC are reduced by $765 because fifteen PwC employees were included in the number of user licenses purchased by the receivership. Data processing expenses of $23,524.50 for the Stratify database are denied as unreasonable based on the amount already expended to create the database. Charges of $2010 to "Review case court documents" are deducted because the Receiver is adequately represented by counsel. See Veeder v. Public Service Holding Corp., 51 A.2d 321, 325-26 (Del 1947) (stating that unnecessary action on the receivership's behalf will not be compensated). Finally, charges of $2,340 to train PwC staff to use Stratify are disallowed. PwC should bear the cost to train its

---

² To ensure double billing does not occur, the Court's *in camera* review of Kelley Wolter, Lindquist & Vennum, and PwC's billing statements includes a comparison with the applications for compensation filed in the bankruptcy cases of Polariod Corp., Case No. 08-bk-46617 (GFK); Petters Comany, Inc., Case No. 08-bk-45257 (GFK); Petters Capital, LLC, Case No. 09-bk-43847 (NCD); MN Airlines, LLC (*dba* Sun Country Airlines), Case No. 08-bk-35197 (RJK); MN Airlines Holdings, Inc., 08-bk-35198 (RJK); Petters Aviation, LLC, Case No. 08-bk-45136 (RJK); Elite Landings, LLC, Case No. 08-bk-45210 (RJK); and the bankruptcy cases jointly administered thereunder. No duplicate billing has occurred to date.

staff on a database it created.

The Court's *in camera* review of the invoices supporting the fee petitions for defense counsel Bruno & Nelson and Greene Espel results in a finding that all services and expenses were reasonable and necessary.

The billing statement underlying the Colich fee petition contains charges to "Research case law." Without further detail regarding the matters researched, the Court is unable to determine whether the time expended was reasonable and necessary. Accordingly, fees totaling $3,200 are deducted from the Colich fee petition without prejudice to renewing the request with more specificity.

### IV. CONCLUSION

Based on Receiver Kelley's recommendations, the pleadings included herein, and the invoices submitted for the Court's *in camera* review,

**IT IS HEREBY ORDERED** that:

1. Receiver Kelley's motion is **GRANTED** as to Docket Nos. 1075, 1088, and 1092, and **GRANTED IN PART** and **DENIED IN PART** as to Docket Nos. 1071, 1079, and 1083. Receiver Kelley is authorized to make payments as follows:

    a. Kelley Wolter & Scott, P.A.    $239,998.38

    b. Lindquist & Vennum, PLLP    $119,177.42

    c. PricewaterhouseCoopers LLP    $873,799.76

    d. Colich & Associates    $18,560.00

    e. Bruno & Nelson    $3,045.00

f.  Greene Espel, PLLP                              $2,969.36

2.       Receiver Kelley is directed to seek reimbursement of the foregoing sums to the

         extent possible under applicable insurance policies, including directors and

         officers liability policies maintained by Petters Company Inc., Petters Group

         Worldwide, LLC or any other related entity.


                                             BY THE COURT:


                                             ___s/Ann D. Montgomery___
                                             ANN D. MONTGOMERY
                                             U.S. DISTRICT JUDGE

Dated:  May 17, 2010.