UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

        Defendants,

Douglas A. Kelley,

        Receiver,

Gary Hansen,

        Receiver.

_____

Steven E. Wolter, Esq., Kelley Wolter & Scott, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Jennifer S. Wilson, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C.

Assistant United States Attorney Gregory G. Brooker, Minneapolis, MN, on behalf of Plaintiff United States of America.

## I.  INTRODUCTION

On May 27, 2010, the Court heard oral argument on the requests [Docket Nos. 1123, 1127, 1131, 1135, 1139, and 1144] of Receiver Douglas A. Kelley (the "Receiver") to authorize interim payment for legal, accounting, and consulting services provided to the receivership.

Plaintiff United States of America ("the Government") filed a Response [Docket No. 1158] to the Motions. The Government is satisfied with the level of detail the Receiver has provided regarding the tasks, services, and work performed by the Receiver and his law firm Kelley Wolter & Scott, P.A. ("Kelley Wolter"), the Receiver's counsel Lindquist & Vennum PLLP ("Lindquist & Vennum"), and the Receiver's forensic accountants PricewaterhouseCoopers LLP ("PwC"). At the hearing, the Government stated that it does not have access to the billing statements for Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. ("Finnegan Henderson"), Haynes & Boone, L.L.P. ("Haynes & Boone"), and FTI Consulting, Inc. "(FTI") and thus cannot respond to the reasonableness of their fees. However, the Government acknowledged that the firms provided necessary services to the receivership estate. Therefore, the Government does not oppose the fee petitions.

Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C. (collectively "Ritchie") filed an Objection [Docket No. 1160] to the Motions. Ritchie renews its previously asserted objections to: (1) the fee approval procedures established for this receivership; (2) the Receiver's delay in seeking compensation for himself and his agents; and

2

(3) the Receiver's use, if any, of funds from corporate or individual receivership accounts to pay for services performed on behalf of individuals whose receivership funds have been depleted. Ritchie also asserts that it has insufficient information to determine whether the requested fees are reasonable and whether the billed services benefitted the receivership estate. Finally, Ritchie reasserts its concern over the amount of fees requested and the possibility that services will be billed in both the receivership and bankruptcy cases.

## II. BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the receivership estate, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by reference.[1] In December 2009, a jury found Defendant Petters guilty on all twenty counts relating to a massive Ponzi scheme. He was sentenced to fifty years in prison and is appealing his conviction and his sentence. See United States v. Petters, 08-cr-00364 RHK/AJB (D. Minn.) ("Petters Criminal") [Docket Nos. 400, 401].

## III. DISCUSSION

Ritchie's Objection is overruled for reasons previously articulated by the Court. See Mem. Opinion & Order, June 30, 2009 [Docket No. 440] at 5-6, 8, 11 (addressing objections to fee approval procedures); Mem. Opinion & Order, Sept. 1, 2009 at 6-9 (same); Mem. Opinion & Order, May 5, 2010 [Docket No. 1087] at 4-5 (relating to Ritchie's concerns of double billing

---

[1] Fee applications for services provided to the receivership estate must also comply with the procedures contained in a Joint Report submitted by the Receiver and the Government. See Memorandum Opinion and Order, March 5, 2010 [Docket No. 956] at 6 (adopting fee proposal in Joint Report [Docket No. 945] at 2-3).

and excessive fees); Mem. Opinion & Order, May 17, 2010 [Docket No. 1120] at 4 (addressing Ritchie's continued concerns over duplicate billing). The Court will continue to follow the fee approval procedures established in this case when reviewing fee petitions.

The Court's *in camera* review of the billing statements underlying the fee petitions of the Receiver and his counsel, Lindquist & Vennum, results in a finding that, with the exception of $225 charged by Lindquist & Vennum for attendance at a fee hearing, the services and expenses billed were reasonable and necessary.

The PwC billing statement reviewed *in camera* by the Court will be reduced in the following areas. Compensation is disallowed in the amount of $21,021.50 for time spent preparing the billing statement and communicating billing rates, because these services do not benefit the receivership estate. Meal expense entries exceeding $25 per person are reduced by a total of $1,412.42. User license fees for the Stratify database created by PwC are reduced by $816 because sixteen employees were included in the number of user licenses purchased by the receivership. Data processing expenses of $117,537.78 for the Stratify database are denied as unreasonable based on the amount already expended to create the database.[2] A total of $1,650 charged to retrieve and review court filings is disallowed because the Receiver is adequately represented by counsel.

The Court's *in camera* review of the Finnegan Henderson billing statements reveals two areas warranting reductions. First, charges of $2,497.50 relating to the firm's removal as counsel are disallowed because they do not benefit the receivership. Second, charges totaling $6,000 for

---

[2] The Court has been informed that a motion to reconsider payment of data processing expenses is forthcoming. Until such time, the Court will continue to deny the expenses as unreasonable.

a "Retainer Invoice" and "Foreign Counsel Cost" are denied because they lack sufficient detail regarding the identity of the service provider, the nature of the services provided, and the time spent performing the services.

The Haynes & Boone fee petition requests payment of expenses previously denied for lack of specificity. See Mem. Opinion & Order, May 11, 2010 [Docket No. 1099] at 5. The renewed request is supported by billing statements detailing reasonable and necessary expenditures, and the fee petition is therefore approved in the amount requested.

Finally, the fees of FTI are reduced $2,002 to deny compensation for time charged to prepare and monitor billing statements.

## IV. CONCLUSION

Based on Receiver Kelley's recommendations, the pleadings included herein, and the invoices submitted for the Court's *in camera* review,

**IT IS HEREBY ORDERED** that:

1. Receiver Kelley's motion is **GRANTED** as to Docket Nos. 1139 and 1144, and **GRANTED IN PART** and **DENIED IN PART** as to Docket Nos. 1123, 1127, 1131, and 1135. Receiver Kelley is authorized to make payments as follows:

    a. Kelley Wolter & Scott, P.A.     $259,879.60

    b. Lindquist & Vennum, PLLP        $108,111.85

    c. PricewaterhouseCoopers LLP      $893,132.92

    d. FTI Consulting, Inc.            $22,736.15

  e. Finnegan, Henderson, Farabow,
   Garrett & Dunner L.L.P.     $100,087.30

  f. Haynes & Boone L.L.P.      $18,360.80

2. Receiver Kelley is directed to seek reimbursement of the foregoing sums to the extent possible under applicable insurance policies, including directors and officers liability policies maintained by Petters Company Inc., Petters Group Worldwide, LLC, or any other related entity.

        BY THE COURT:

        s/Ann D. Montgomery

        _____
        ANN D. MONTGOMERY
        U.S. DISTRICT JUDGE

Dated: June 2, 2010