UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

        Defendants,

Douglas A. Kelley,

        Receiver,

Gary Hansen,

        Receiver.

**MEMORANDUM OPINION AND ORDER**
Civil No. 08-5348 ADM/JSM

_____

Steven E. Wolter, Esq., Kelley Wolter & Scott, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Jennifer S. Wilson, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Ritchie Special Credit Investments, Ltd., Rhone Holdings II., Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C.

Surya Saxena, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff United States of America.

_____

## I.  INTRODUCTION

On July 27, 2010, the Court heard oral argument on Receiver Douglas A. Kelley's ("Receiver Kelley") Motion [Docket No. 1246] to reconsider and approve costs incurred by PricewaterhouseCoopers LLP ("PwC") relating to the Stratify database.

Plaintiff United States of America ("the Government") did not file a written response to the Motion but stated at the hearing that the Government does not oppose the Motion based on the efficiencies and costs savings achieved through use of the Stratify database.

Ritchie Special Credit Investments, Ltd., Rhone Holdings II., Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C. (collectively "Ritchie") filed an Objection ("Ritchie Objection") [Docket No. 1269] to the Motion.  Ritchie argues that because the Stratify database was used by the Government, Defendant Thomas J. Petters ("Defendant Petters"), and other parties interested in the receivership, those parties should be required to share in the cost to create the database.

## II.  BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the receivership estate, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by

reference.[1]

In November, 2008, Receiver Kelley retained PwC to provide forensic accounting services to assist him in unraveling the massive Ponzi scheme orchestrated by Defendant Petters. 1st Martens Aff. [Document No. 1239] at ¶¶ 2, 4.  In furtherance of the forensic audit, PwC and Receiver Kelley selected Stratify, Inc. ("Stratify") to create and provide a customized, web-based electronic discovery system (the "Stratify database").  See 2d Martens Aff. [Docket No. 1249] at ¶ 2; Whetstone Aff. [Docket No. 1248] ¶¶ 4, 6.

PwC began incurring Stratify related expenses in April, 2009.  The Court has routinely denied without prejudice Stratify costs relating to data processing, data hosting, and user licenses for PwC personnel.  To date, a total of $579,798.03 in Stratify related costs have been denied as unreasonable.  A summary of those costs is attached as Exhibit A.

The affidavits supporting the Motion provide the Court with further detail regarding the nature and extent of the services underlying the Stratify costs.  Upon receiving data from PwC, Stratify inspects and inventories the data, scans it for viruses, and loads it into Stratify's Legal Discovery software.  Whetstone Aff. ¶ 7.  The data is then extracted, copied, converted to different formats, indexed, "conceptually organized" among other processed files, and loaded to a web-based review site.  Id. ¶ 8.  Quality control measures are performed at each stage of this process.  Id. ¶ 9.  The amount of data processed and loaded into the Stratify Legal Discovery software equates to approximately 40,000 to 50,000 boxes of bankers data.  Id. ¶ 13.  In addition

---

[1] Fee applications for services provided to the receivership estate must also comply with the procedures outlined in a Joint Report submitted by the Receiver and the Government.  See Mem. Opinion & Order, March 5, 2010 [Docket No. 956] at 6 (adopting fee proposal in Joint Report [Docket No. 945] at 2-3).

to the master Stratify database, two subsets of data were created as satellite databases for Defendant Petters' defense counsel and the Government. Id. ¶¶ 10-11. Stratify waived all charges to create the unique architecture required for the master repository and satellite infrastructure. Id. ¶ 14. Stratify also agreed to waive all time and material charges for custom work Stratify ordinarily charges its clients. Id.

### III.  DISCUSSION

The Court's denials of Stratify expenses to date have been based on the mistaken assumption that the Stratify charges related solely to the costs of storing the electronic information and responding to user queries.  Having been provided with further information concerning the extensive process involved in preparing the data for the Stratify database, the Court finds the Stratify expenses, though substantial, are warranted.

Ritchie urges that other parties benefitting from the Stratify database must pay a portion of the costs incurred in creating the database, in addition to the Stratify usage charges already allocated to the parties.[2]  However, the Receivership Order authorizes Receiver Kelley to "[m]ake payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of or exercising [his] authority."  Receivership Order at 16.  The centralized, searchable Stratify database is vital to Receiver Kelley's organization and management of massive amounts of data relating to receivership assets, entities, and transactions

---

[2] The Government and Defendant Petters' defense counsel are the only parties other than Receiver Kelley's retained professionals to have accessed the Stratify database. 2d Martens Aff. ¶ 5. Charges incurred by Petters' defense counsel are delineated in PwC's billing statements. At the hearing, counsel for Receiver Kelley represented that defense counsel's Stratify charges are expected to be reimbursed by a directors and officers insurance liability policy. The Government has been invoiced separately for its Stratify charges. Id.

and thus a necessary expense of the receivership, regardless of whether other parties have benefitted from it.  Moreover, because Stratify waived the costs of creating the architecture for the satellite databases, the receivership has not borne any additional expense in selecting an electronic discovery database that maximizes efficiency and avoids duplicating efforts among parties.  In fact, other parties' payments for use of the Stratify database, as well as their contributions of data to the database, have helped to defray the overall cost to the receivership. Accordingly, Ritchie's objection is overruled.

The Court will approve payment from receivership funds for previously denied Stratify database charges relating to data processing, data hosting, and reviewer licenses in the total amount of $579,798.03.  The Stratify database charges approved in this Order will be offset by $17,491.20 to account for custom work charges that had previously been approved by the Court but will no longer be allowed based on Stratify's agreement to waive charges for all custom work.  See Whetstone Aff. ¶ 14.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. the Motion to Reconsider Stratify Costs [Docket No. 1246] is GRANTED;

2. Receiver Kelley is authorized to make payment in the amount of $562,306.83 to PricewaterhouseCoopers LLP;

3. Receiver Kelley is directed to seek reimbursement of the foregoing sum to the extent possible under applicable insurance policies, including directors and

officers liability policies maintained by Petters Company Inc., Petters Group Worldwide, LLC or any other related entity.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 26, 2010.

# EXHIBIT A

**Previously Denied Stratify Charges**

| Order Docket Number | Data Processing | Data Hosting | PwC Licenses | Total Deducted |
|---:|---:|---:|---:|---:|
| 1017 | 66,877.56 | 0.00 | 204.00 | 67,081.56 |
| 1054 | 84,338.31 | 0.00 | 510.00 | 84,848.31 |
| 1087 | 64,376.70 | 0.00 | 714.00 | 65,090.70 |
| 1099 | 15,511.71 | 0.00 | 714.00 | 16,225.71 |
| 1120 | 23,524.50 | 0.00 | 765.00 | 24,289.50 |
| 1153 | 31,546.77 | 0.00 | 918.00 | 32,464.77 |
| 1172 | 110,986.48 | 6,551.30 | 816.00 | 118,353.78 |
| 1177 | 148,523.54 | 6,551.30 | 816.00 | 155,890.84 |
| 1335 | 3,936.06 | 9,984.80 | 1,632.00 | 15,552.86 |
| **Totals** | 549,621.63 | 23,087.40 | 7,089.00 | 579,798.03 |