UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

        Defendants,

Douglas A. Kelley,

        Receiver,

Gary Hansen,

        Receiver.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

_____

Steven E. Wolter, Esq., Kelley Wolter & Scott, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Jennifer S. Wilson, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C.

Surya Saxena, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff United States of America.

Eric Riensche, Esq., Felhaber Larson Fenlon & Vogt, P.A., Minneapolis, MN, on behalf of Defendant Thomas Joseph Petters.

___

## I. INTRODUCTION

On August 16, 2010, the Court heard oral argument on the requests [Docket Nos. 1280, 1284, 1288, 1302, 1306, 1310, 1314, 1318, 1322, 1326, and 1330] of Receiver Douglas A. Kelley ("Receiver Kelley") to authorize interim payment for legal and accounting services provided to the receivership, legal services performed on behalf of named defendants, and legal work provided to former Petters entities employees who are not named defendants.

Plaintiff United States of America ("the Government") filed a Response [Docket No. 1343] to the Motions. The Government is satisfied with the level of transparency achieved by the public filing of redacted billing statements underlying the fee requests of Receiver Kelley's legal counsel and forensic accountants. The Government considers the services provided by Receiver Kelley and his retained professionals to be necessary and justified given the complexity of the work and the benefit realized by the receivership estate, and does not oppose those fee petitions. With regard to the fee petitions for legal services provided to certain defendants and former Petters entities employees, the Government states it cannot respond to the reasonableness of the requests because it does not have access to the invoices underlying the fee petitions.

Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C. (collectively "Ritchie") filed an Objection [Docket No. 1339] to the fee applications of

2

Receiver Kelley's law firm Kelley Wolter & Scott, P.A. ("Kelley Wolter"), his legal counsel Lindquist & Vennum PLLP (Lindquist & Vennum"), and forensic accountants PricewaterhouseCoopers LLP ("PwC"). A number of Ritchie's objections relate to issues that were subsequently addressed in the Court's August 31, 2010 Order [Docket No. 1400] and will not be revisited here.[1] Ritchie also objects to fees charged by PwC for excessive meetings, time charged for preparing billing statements and reviewing legal pleadings, and unreasonably high rates charged for performing computer forensic services.

Defense counsel for Defendant Thomas Joseph Petters ("Defendant Petters") did not file a written response to the Motions but appeared at oral argument to request payment from receivership funds for all services provided by counsel Paul Engh ("Engh") and Felhaber Larson Fenlon & Vogt, P.A. ("Felhaber") to Defendant Petters during the time period covered by the fee petitions. Receiver Kelley recommends limiting payment of fees to those relating to Defendant Petters' appeal that were incurred on or before January 31, 2010 and to fees generated by defense counsel in assisting Receiver Kelley with receivership matters pertaining to Defendant Petters.

## II. BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the receivership estate, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by

---

[1] The objections addressed in the August 31, 2010 Order pertain to: (1) work performed by Kelley Wolter and Lindquist & Vennum relating to forfeiture, restitution, and a coordination plan; (2) tasks performed by PwC's accountants instead of paraprofessionals; and (3) the format of Kelley Wolter's billing statements.

reference.[2] In December, 2009, a jury found Defendant Petters guilty on all twenty counts relating to a massive Ponzi scheme. He was sentenced to fifty years in prison and is appealing his conviction and his sentence.

## III. DISCUSSION

### A. Services Provided to the Receivership

The Court's review of the billing statements underlying the fee petitions of Kelley Wolter and Lindquist & Vennum results in a finding that the services and expenses billed were reasonable and necessary and are therefore approved, with the exception of $393 charged by Kelley Wolter for services involving the sale of a Petters Group Worldwide, LLC ("PGW") van. Those services are more properly billed in the PGW bankruptcy case and thus will not be reimbursed with receivership funds.

The PwC billing statement is reduced in the following amounts: $13,561.50 for time spent preparing the billing statement; $75 for meal expense entries exceeding $25 per person; $7,600 for instances where managers or senior associates performed tasks similar to those performed by more junior associates; $1556 for retrieving and reviewing court documents; $18,750 for unnecessarily large inter-company meetings; and $13,815 for billing entries related to data loading, data processing, and quality control.

Ritchie's objection regarding the rate charged for performing computer forensic services is overruled. Ritchie argues the $400 hourly rate charged by a PwC manager to perform

---

[2] Fee applications for services provided to the receivership estate must also comply with the procedures contained in a Joint Report submitted by the Receiver and the Government. See Memorandum Opinion and Order, March 5, 2010 ("March 5, 2010 Order") [Docket No. 956] at 6 (adopting fee proposal in Joint Report [Docket No. 945] at 2-3).

4

computer forensic services is excessive and should be reduced to $275 per hour. At the Court's request, Ritchie's counsel provided a supplemental declaration [Docket No. 1347] attesting to rates charged by national firms performing computer forensic services on a similar scale to those provided to Receiver Kelley by PwC. The rates range from $150 to $450 per hour. The $400 rate charged by PwC falls within this range and is reasonable in light of the complexity and magnitude of this Ponzi scheme. Therefore, the Court will approve payment at this rate of some computer forensic services.[3]

**B.      Services Provided to Criminal Defendants**

Receiver Kelley recommends payment from receivership funds for Defendant Petters' criminal defense fees and costs billed through January 31, 2010, as well as fees incurred by Defendant Petters' counsel to assist Receiver Kelley in resolving a claim under a Directors and Officers Insurance Policy ("the D&O Policy"), liquidating Defendant Petters' personal assets, and coordinating interviews with Defendant Petters. The recommended payments amount to $3,440 of the $40,320 billed by Engh and $65,212.67 of the $136,644.99 billed by Felhaber. Attorney Eric Riensche of the Felhaber firm orally argued that all services provided by Engh and Felhaber were performed at reasonable rates and should be paid from the receivership. However, it is not reasonable for the receivership to pay the cost of Defendant Petters' appeal when representation could have been provided by a public defender. Additionally, some of the services provided to Defendant Petters were unrelated to his defense[4] and thus will not be

---

[3] A number of the billing entries for forensic computer services charged at the $400 rate were reduced because similar tasks were being performed by an associate charging a lower hourly rate.

[4] Several tasks billed by Felhaber relate to family court issues.

reimbursed from receivership funds. Therefore, the Court will limit payment of Defendant Petters' defense counsel's fees to those recommended by Receiver Kelley.

The Court's *in camera* review of the invoice underlying the fee petition of Defendant James Wehmhoff's ("Defendant Wehmhoff") counsel, Greene Espel, PLLP ("Greene Espel"), is convincing that services billed were reasonable and necessary to represent Defendant Wehmhoff pending his criminal sentencing. Therefore, Greene Espel's fees are approved in the amount requested.

The Court's *in camera* review of the billing statements underlying the fee petition of Defendant Larry Reynolds' ("Defendant Reynolds") defense counsel, Bruno & Nelson, reveals billed services that were not necessary to represent Defendant Reynolds with regard to his pending criminal sentencing. For example, substantial fees were incurred to respond to contempt proceedings brought by Receiver Kelley as a result of Defendant Reynolds' violation of the asset freeze. Defendant Reynolds' efforts to shield his assets from the receivership will not be financed with receivership funds. Services charged to review pleadings unrelated to the representation of Defendant Reynolds are also denied, as are costs related to Defendant Reynolds' transport to and from the airport when meeting with the FBI. Thus, Bruno & Nelson's requested fees will be reduced to a total allowed amount of $30,000.

**C.     Services Provided to Former Petters Entities Employees**

The Court's *in camera* review of the invoices underlying the fee petition of Leonard, Street & Deinard P.A. ("Leonard Street"), counsel for a former PGW employee, has lead to reductions totaling $1,200 for more than one attorneys' attendance at a meeting with Receiver Kelley's counsel and for time spent traveling to Defendant Petters' counsel's office for a meeting

6

that does not appear to have occurred.

The Court's *in camera* review of the billing statement underlying the fee petition of Sands & Moskowitz, counsel for a former Petters Capital employee, indicates a total of 10.15 hours charged for "electronic communication with client" or "telephone conference with client." Without further detail regarding the topic of these communications, the Court is unable to determine whether the services were reasonable and necessary. Therefore, $5,075 of the requested fees are denied without prejudice. Additionally, a reduction of $7,700 will be made for fees pertaining to litigation outside of this receivership case.

## IV. CONCLUSION

Based on Receiver Kelley's recommendations, the pleadings contained herein, and the invoices submitted for the Court's *in camera* review,

**IT IS HEREBY ORDERED** that:

1. Receiver Kelley's motion is **GRANTED** as to Docket Nos. 1284, 1310, 1314, 1318, 1326, and 1330, and **GRANTED IN PART** and **DENIED IN PART** as to Docket Nos. 1280, 1288, 1302, 1306, and 1322. Receiver Kelley is authorized to make payments as follows:

    a. Kelley Wolter & Scott, P.A.          $390,257.74[5]

    b. Lindquist & Vennum, PLLP             $111,816.46[6]

    c. PricewaterhouseCoopers LLP           $734,061.11

---

[5] This amount represents the total fees approved for the fee petitions filed as Docket Nos. 1280 and 1330.

[6] This amount represents the total fees approved for the fee petitions filed as Docket Nos. 1284 and 1326.

d. Felhaber, Larson, Fenlon & Vogt, P.A.   $65,212.67

   e. Paul Engh                               $3,440.00

   f. Greene Espel, PLLP                      $3,234.20

   g. Bruno & Nelson                          $30,000.00

   h. Leonard, Street & Deinard P.A.          $33,018.73

   i. Sands & Moskowitz                       $3,200.00

2. Receiver Kelley is directed to seek reimbursement of the foregoing sums to the extent possible under applicable insurance policies, including directors and officers liability policies maintained by Petters Company Inc., Petters Group Worldwide, LLC or any other related entity.


                                                   BY THE COURT:


                                                   s/Ann D. Montgomery
                                                   ANN D. MONTGOMERY
                                                   U.S. DISTRICT JUDGE

Dated:  September 15, 2010.