United States of America,

        Plaintiff,

v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

        Defendants,

Douglas A. Kelley,

        Receiver,

Gary Hansen,

        Receiver.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

_____

Steven E. Wolter, Esq., Kelley Wolter & Scott, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Gregory G. Brooker, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff United States of America.

_____

# ORDER FOR AUTHORIZATION TO MAKE PAYMENTS

On September 13, 2010, the Court heard oral argument on the requests [Docket Nos. 1401, 1405, 1409, 1413, 1417, 1421, 1425, and 1429] of Receiver Douglas A. Kelley ("Receiver Kelley") to authorize interim payment for legal, accounting, and business consulting services provided to the receivership; legal work performed on behalf of Defendant James Wehmhoff ("Defendant Wehmhoff"); and legal services provided to a former Petters Group Worldwide, LLC ("PGW) employee who is not a named defendant.

Plaintiff United States of America ("the Government") filed a Response [Docket No. 1458] to the Motions. The Government is satisfied with the level of transparency achieved by the public filing of billing statements underlying the fee requests for services performed on behalf of the receivership. The Government considers the services provided by Receiver Kelley and his retained professionals to be necessary and justified given the complexity of the work and the benefit realized by the receivership estate, and does not oppose those fee petitions. With regard to the fee petitions for legal services provided to Defendant Wehmhoff and a former PGW employee, the Government states it cannot respond to the reasonableness of the requests because it does not have access to the invoices underlying the fee petitions.

No objections to the Motions were filed or raised at the hearing. Based upon the files and records herein, the oral arguments of counsel, and the Court's review of the underlying invoices, the Court approves fees and expenses as follows.

1. The fees requested by Kelley, Wolter & Scott, P.A., Lindquist & Vennum PLLP, Tonya Rosso, and Dorsey & Whitney LLP are reasonable and necessary, and are therefore approved in the amount requested.

2. The fees requested by FTI Consulting, Inc. are reduced by $152 to account for time billed at an hourly rate exceeding the $500. See Mem. Opinion and Order, May 5, 2010 [Docket No. 1087] at 5 ("[C]ompensation sought from the receivership for services provided on or after May 1, 2010 may not exceed the hourly rate of $500.").

3. The fees requested by Haynes & Boone, LLP ("Haynes & Boone") are reduced $272.50 for time billed by an attorney at a rate exceeding the $500 per hour and for time billed by a paralegal at an increased hourly rate. Rate increases have consistently been denied for professionals requesting compensation from receivership funds. See, e.g., Mem. Opinion and Order, April 23, 2010 [Docket No. 1017] at 5 (stating that "counsel compensated with funds from this receivership estate . . . will be held to the billing rates applied at the outset of the representation."). Haynes & Boone's fees are further reduced by $795 for time charged to provide additional information for a fee request. Time spent preparing and defending fee applications is not compensable from receivership funds. See Mem. Opinion and Order, Oct. 12, 2009 [Docket No. 653] at 5.

4. The fees requested by Defendant Wehmhoff's counsel Greene Espel, PLLP are reduced $500 to account for more than one attorneys' attendance at a meeting with the Government. The attendance of a second attorney at the meeting is not reasonable in light of the limited pool of receivership assets and the goal of preserving receivership funds for victims in this case.

5. The fees requested by Leonard Street & Deinard P.A., counsel for a former PGW employee, are reduced $250 for attendance by more than one attorney at a bankruptcy hearing concerning a protective order.

Therefore, **IT IS HEREBY ORDERED** that:

Receiver Kelley's motions are **GRANTED** as to Docket Nos. 1401, 1405, 1409, and 1421, and **GRANTED IN PART** and **DENIED IN PART** as to Docket Nos. 1413, 1417, 1425, and 1429. Receiver Kelley is authorized to make payments as follows:

| | | |
|---|---|---|
| a. | Kelley, Wolter & Scott, P.A. | $170,455.26 |
| b. | Lindquist & Vennum PLLP | $27,533.67 |
| c. | Tonya Rosso | $1,398.70 |
| d. | FTI Consulting, Inc. | $2,882.00 |
| e. | Haynes & Boone, LLP | $57,163.30 |
| f. | Dorsey & Whitney LLP | $6,439.89 |
| g. | Greene Espel, PLLP | $34,100.52 |
| h. | Leonard Street & Deinard P.A. | $37,128.90 |

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 30, 2010.