# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

        Defendants,

Douglas A. Kelley,

        Receiver,

Gary Hansen,

        Receiver.

___

Steven E. Wolter, Esq., Kelley Wolter & Scott, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

David W. Fuller, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff United States of America.

Jennifer S. Wilson, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Ritchie Special

Credit Investments, Ltd., Rhone Holdings II. Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C.

_____

## I. INTRODUCTION

On October 1, 2010, the Court heard oral argument on the requests [Docket Nos. 1484, 1488, 1492, 1496, and 1500] of Receiver Douglas A. Kelley ("Receiver Kelley") to authorize interim payment for legal and accounting services provided to the receivership by Dorsey & Whitney LLP ("Dorsey & Whitney"), Fruth Jamison & Elsass PLLC ("Fruth Jamison"), and PricewaterhouseCoopers LLP ("PwC"), and for legal work performed by Greene Espel, PLLP ("Greene Espel") on behalf of defendant James Wehmhoff ("Defendant Wehmhoff") and by Colich & Associates on behalf of defendant Michael Catain ("Defendant Catain").

Plaintiff United States of America ("the Government") filed a Response [Docket No. 1507] to the Motions. The Government is satisfied with the level of transparency achieved by the public filing of billing statements underlying the fee requests for services performed on behalf of the receivership. The Government considers the services provided by Receiver Kelley and his retained professionals to be necessary and justified given the complexity of the work and the benefit realized by the receivership estate, and does not oppose those fee petitions. With regard to the fee petitions for legal services provided to Defendant Wehmhoff and Defendant Catain, the Government states it cannot respond to the reasonableness of the requests because it does not have access to the invoices underlying the fee petitions.

Ritchie Special Credit Investments, Ltd., Rhone Holdings II., Ltd., Yorkville Investment I, L.L.C., Ritchie Capital Structure Arbitrage Trading, Ltd., and Ritchie Capital Management L.L.C. (collectively "Ritchie") filed an Objection ("Ritchie Objection") [Docket No. 1504] to the

fee petitions of Fruth Jamison and PwC. Ritchie argues the fees incurred by Fruth Jamison for clawback litigation are more properly billed in the bankruptcy cases of Petters Company, Inc. ("PCI") or Petters Group Worldwide, LLC ("PGW"). Ritchie similarly argues that fees charged by PwC for "Bank Account Activity Analysis" should be charged to the bankruptcy estates of PCI or PGW. Ritche further urges that a large majority of the fees requested for PwC relate to time spent preparing invoices and justifying fees, and should therefore be denied.[1]

## II. BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the receivership estate, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by reference.[2]

## III. DISCUSSION

**A.    Dorsey & Whitney**

The invoice underlying the fee petition of Dorsey & Whitney reflects reasonable and necessary fees and costs, and the fee petition is thus approved in the amount requested.

---

[1] At the hearing, Ritchie provided the Court with numeric corrections to the amounts specified in its Objection to PwC's fees. The $51,650 figure relating to time spent justifying fees should be reduced to $45,650. See Ritchie Objection at 3. Additionally, the overall amount of PwC fees Ritchie seeks to have denied should be reduced from $57,191 to $51,191. See Id. at 4.

[2] Fee applications for services provided to the receivership estate must also comply with the procedures outlined in a Joint Report submitted by the Receiver and the Government. See Mem. Opinion & Order, March 5, 2010 [Docket No. 956] at 6 (adopting fee proposal in Joint Report [Docket No. 945] at 2-3).

### B. Colich & Associates

The Court's *in camera* review of the billing statement underlying the fee petition for Colich & Associates, counsel for Defendant Catain, results in a finding that the billed services were reasonable and necessary and are approved as submitted.

### C. Greene Espel

To date, Greene Espel has been paid over $239,000 to represent Defendant Wehmhoff, who pleaded guilty on December 19, 2008, just four days after the filing of the felony information relating to his role in the Ponzi scheme. See United States v. Wehmhoff, 08-387 (D. Minn. 2008). If Greene Espel's present fee petition is approved in the amount requested, counsel would be paid over $260,000, which the Court finds excessive for a case which did not approach a trial. A district court may exercise its discretion to limit or deny attorney fees paid from enjoined funds. CFTC v. Morse, 762 F.2d 60, 63 (8th Cir. 1985); CFTC v. Noble Metals Int'l, Inc., 67 F.3d 766, 775 (9th Cir. 1995). Defendant Wehmhoff's situation did not vary significantly from similarly situated defendants in this matter whose defense costs ranged from $176,000 (final defense costs for Defendant Catain) to $220,000 (current defense costs for Defendant Reynolds). The Court finds limiting Greene Espel's fees to a total of $250,000 for its representation of Defendant Wehmhoff is reasonable and is not arbitrary, because the cap makes Greene Espel's fees commensurate with those charged by counsel representing similarly situated defendants. Accordingly, Greene Espel's requested fees are reduced to $10,611.52.

### D. Fruth Jamison

Ritchie argues the fees charged by Fruth Jamison appear to relate to clawback litigation to be brought by the bankruptcy estates of Petters related entities against JPMorgan Chase

("JPMC"). As such, Ritchie urges the fees are more properly charged to the bankruptcy estates. At the hearing, counsel for Receiver Kelley clarified that the receivership may also have claims against JPMC relating to Defendant Thomas J. Petters individually, and that the requested fees relate to the potential receivership claims.

The Court's review of the Fruth Jamison invoice reveals that the time entry dated August 23, 2010 totaling $325 relates to bankruptcy avoidance actions and is more properly billed to the bankruptcy estates. The remaining entries are reasonable and necessary and will be compensated from the receivership.

**E.     PwC**

Ritchie objects to $45,650.50 charged by PwC under a billing category entitled "Status Report." This billing category reflects charges for drafting affidavits attesting to the nature and value of PwC's fees and expenses. Two of the affidavits were required by Court to allow the Court to evaluate the reasonableness of PwC's fees. See Mem. Opinion and Order, June 11, 2010 [Docket No. 1177] at 6-7; Mem. Opinion and Order, Aug. 11, 2010 [Docket No. 1335] at 8. The other affidavits were submitted in support of PwC's Motion for Reconsideration of Stratify Costs [Docket No. 1246]. The Court has routinely denied compensation for time and expenses incurred in documenting fees and costs. See, e.g., Mem. Opinion and Order, Oct. 12, 2009 [Docket No. 653] at 5; Mem. Opinion and Order, Nov. 25, 2009 [Docket No. 755] at 4. Accordingly, fees requested under the "Status Report" category are denied, as are charges totaling $3,953.50 for preparing billing statements. Ritchie's objection relating to $1,588 in fees charged by PwC for "Bank Account Activity Analysis" is overruled.

## IV. CONCLUSION

Based on Receiver Kelley's recommendations, the pleadings included herein, and the invoices submitted for the Court's *in camera* review, **IT IS HEREBY ORDERED** that: Receiver Kelley's motions are **GRANTED** as to Docket Nos. 1488 and 1496, and **GRANTED IN PART** and **DENIED IN PART** as to Docket Nos. 1484, 1492, and 1500. Receiver Kelley is authorized to make payments as follows:

| | |
|---|---|
| a. Dorsey & Whitney LLP | $761.05 |
| b. Colich & Associates | $8,840.00 |
| c. Greene Espel, PLLP | $10,611.52 |
| d. Fruth Jamison & Elsass, PLLC | $33,074.45 |
| e. PricewaterhouseCoopers LLP | $21,042.50 |

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 19, 2010.