**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White; James Wehmhoff; Larry
Reynolds and/or d/b/a Nationwide International
Resources, a/k/a NIR; Michael Catain and/or d/b/a    Civil File No. 08-5348 ADM/JSM
Enchanted Family Buying Company;
Frank E. Vennes, Jr., and/or d/b/a Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.;

        Defendants,

Douglas A. Kelley,

        Receiver,

Antoinette Reynolds;

        Applicant Intervenor.

_____

Arlo H. Vande Vegte, Esq., Arlo H. Vande Vegte, P.A., Plymouth, MN, on behalf of Antoinette Reynolds.

Surya Saxena, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

_____

**ORDER DENYING INTERVENTION AND GRANTING PARTIAL EMERGENCY RELIEF**

On October 15, 2010, the undersigned United States District Judge heard oral argument on the Motion to Intervene and for Emergency Relief [Docket No. 1474] brought by Antoinette Reynolds ("A. Reynolds"), who describes herself as the ex-wife of Defendant Larry Reynolds ("Defendant Reynolds"). The Motion originally requested an order: 1) allowing A. Reynolds to intervene in this case; 2) requiring the Receiver to make mortgage and utility payments and pay A. Reynolds' monthly living expenses and health insurance premiums, and 3) requiring the Receiver to provide A. Reynolds with an accounting of the Reynolds' assets seized in this receivership case. Counsel for A. Reynolds later submitted an affidavit [Docket No. 1537] stating that the Receiver has brought the mortgage and utility payments current.

Plaintiff United States of America ("the Government") filed an Objection [Docket No. 1538] to the Motion. The Government argues that formal intervention is not necessary because A. Reynolds' requested relief merely seeks to amend the scope of the injunction to allow payment of her living expenses. The Government further states that the request for an accounting is mooted by the public filing of Defendant Reynolds' deposition transcript, which identifies the property in the receivership. The Government opposes payment of living expenses to A. Reynolds, but does not oppose payment of A. Reynolds' health insurance premiums so long as the value of the paid premiums is deducted from any amount A. Reynolds recovers in the ancillary criminal forfeiture proceedings against Defendant Reynolds. See United States v. Reynolds, 08-320 RHK (D. Minn.). Finally, the Government urges that prior to granting any requested relief to A. Reynolds, the Court compel her to cooperate in cancelling the property disposition provision of her divorce decree.

Based on the arguments of counsel and all the files, records and proceedings herein, and for the reasons stated by the Court on the record, **IT IS HEREBY ORDERED** that A. Reynolds' Motion to Intervene and for Emergency Relief [Docket No. 1474] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Motion to intervene is DENIED as moot.
2. The request for an accounting of Defendant Reynolds' receivership assets is DENIED without prejudice to renewing the request after counsel for A. Reynolds has had an opportunity to review Defendant Reynolds' deposition transcript.
3. The request for payment of A. Reynolds' health insurance premiums is GRANTED. The amounts paid for A. Reynolds' health insurance premiums will be deducted from the value of any property interest A. Reynolds recovers in the criminal forfeiture proceedings.
4. The request for monthly living expenses is taken under advisement pending A. Reynolds' filing of an affidavit that documents her current living expenses. The affidavit must be filed on or before October 28, 2010.
5. The Government's request to compel A. Reynolds to cooperate in cancelling the property disposition provision of her divorce is taken under advisement. On or before October 28, 2010, the Government shall draft and circulate to the Receiver and to A. Reynolds'

counsel a proposed stipulation to be entered in California state court that protects the Government's interest in forfeitable property.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 19, 2010.