UNITED STATES DISTRICT COURT
                           DISTRICT OF MINNESOTA

United States of America,

                      Plaintiff,
                                                      **MEMORANDUM OPINION**
       v.                                             **AND ORDER**
                                                      Civil No. 08-5348 ADM/JSM
Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

                      Defendants,

Douglas A. Kelley,

                      Receiver,

Gary Hansen,

                      Receiver.
_____

Steven E. Wolter, Esq., Kelley Wolter & Scott, P.A., Minneapolis, MN, on behalf of Receiver
Douglas A. Kelley.

Surya Saxena, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff United
States of America.

Joseph S. Friedberg, Esq., Joseph S. Friedberg, Chartered, Minneapolis, MN, on behalf of Defendant Robert White

___

## I.  INTRODUCTION

On October 14, 2010, the Court heard oral argument on the requests [Docket Nos. 1509, 1513, and 1517] of Receiver Douglas A. Kelley ("Receiver Kelley") to authorize interim payment for legal services provided to the receivership, defendant Robert White ("Defendant White"), and defendant Larry Reynolds ("Defendant Reynolds").

Plaintiff United States of America ("the Government") filed a Response [Docket No. 1541] to the Motions.  The Government is satisfied with the level of transparency achieved by the public filing of the billing statement underlying the fee request for Haynes & Boone, LLP ("Haynes & Boone").  The Government considers the legal services provided to the receivership by Haynes & Boone to be necessary and justified given the complexity of the work and the benefit realized by the receivership estate.  With regard to the fee petitions for legal services provided to Defendant Reynolds and Defendant White, the Government states it cannot respond to the reasonableness of the requests because it does not have access to the invoices underlying the fee petitions.  The Government concurs with Receiver Kelley's recommendation that certain categories of fees requested by counsel for Defendant Reynolds be denied.

## II.  BACKGROUND

The background of this civil receivership case, including the Court's procedures for approving fee applications charged to the receivership estate, is set forth in the Court's Memorandum Opinion and Order of September 1, 2009 [Docket No. 536] and is incorporated by

2

reference.[1]

## III. DISCUSSION

**A.    Haynes & Boone**

The invoice underlying the fee petition of Haynes & Boone reflects reasonable and necessary fees and costs, and the fee petition is approved in the amount requested.

**B.    Joseph S. Friedberg**, **Chartered ("Friedberg")**

To date, Friedberg has been paid $159,000.00 to represent Defendant White, who pleaded guilty on October 8, 2008, just eight days after the filing of the felony information relating to his role in the Ponzi scheme. See United States v. White, 08-299 RHK (D. Minn. 2008). If Friedberg's present fee petition is approved in the amount requested, counsel would be paid over $275,000, which the Court finds excessive for a case which did not approach a trial. Accordingly, the fees requested by Friedberg are reduced by $25,160 to arrive at a total compensation amount of $250,000 for Defendant White's representation.

**C. Bruno & Associates ("Bruno")**

Full compensation of Bruno's requested fees would also result in fees exceeding $260,000 for the representation of a defendant who pleaded guilty in the days that followed the filing of the felony information. See United States v. Reynolds, 08-320 RHK (D. Minn. 2008) (showing entry of Defendant Reynolds' guilty plea seven days after the filing of the felony information). The current fee request includes billing for time spent defending activities which

---

[1] Fee applications for services provided to the receivership estate must also comply with the procedures outlined in a Joint Report submitted by the Receiver and the Government. See Mem. Opinion & Order, March 5, 2010 [Docket No. 956] at 6 (adopting fee proposal in Joint Report [Docket No. 945] at 2-3).

have been determined to be contemptuous. The fees requested by Bruno are reduced $13,931.59 to limit total compensation for Defendant Reynolds' defense to $250,000.

## IV.  CONCLUSION

Based on Receiver Kelley's recommendations, the pleadings included herein, and the invoices submitted for the Court's *in camera* review,  **IT IS HEREBY ORDERED** that: Receiver Kelley's motions are **GRANTED** as to Docket No. 1517, and **GRANTED IN PART** and **DENIED IN PART** as to Docket Nos. 1509 and 1513.  Receiver Kelley is authorized to make payments as follows:

| | | |
|---|---|---|
| a. | Haynes & Boone, LLP | $12,407.50 |
| b. | Bruno & Associates | $29,255.00 |
| c. | Joseph S. Friedberg, Chartered | $91,000.00 |

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 20, 2010.