# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>vs.<br><br>Frank E. Vennes, Jr., *et al.,*<br><br>                Defendants. | **Civ. No. 08-5348 ADM/JSM**<br><br>**ORDER FOR AUTHORIZATION TO MAKE PAYMENTS RELATED TO FRANK E. VENNES** |

Ranelle Leier, Esq., Oppenheimer Wolff & Donnelly LLP, Minneapolis, MN, on behalf of Receiver Gary Hansen.

Assistant United States Attorney Surya Saxena, Minneapolis, MN, on behalf of Plaintiff United States of America.

James Volling, Esq., Faegre & Benson LLP, Minneapolis, MN on behalf of Defendant Frank E. Vennes, Jr. and Metro Gem.

___

On October 14, 2010, this Court heard oral argument on the request [Docket No. 1525] of Receiver Gary Hansen (the "Receiver") for an order authorizing him to make interim payments for legal services provided to Defendant Frank E. Vennes, Jr. ("Defendant Vennes") by Faegre & Benson LLP ("Faegre & Benson"); and for legal, tax, and title services provided to the Receiver by Oppenheimer Wolff & Donnelly LLP ("Oppenheimer"); Baker Tilly Virchow & Krause, LLP ("Baker Tilly"); Holland & Knight; and Ruden & McClosky.

Plaintiff United States of America ("the Government") filed a Response [Docket No. 1541] stating the Government has not had access to the billing statements underlying

the fee petition and therefore cannot respond to the reasonableness of the fees. The Government notes that the rate charged by one of Defendant Vennes' attorneys is described in the Receiver's affidavit [Docket No. 1527] as "on the high end" of the range charged by attorneys with comparable experience doing similar work. The Government requests the Court to consider awarding compensation at a rate closer to the center of the market range.

An hourly rate limit of $500 is imposed in this case for services provided on or after May 1, 2010 that are compensated with receivership funds. See Mem. Opinion and Order, May 5, 2010 [Docket No. 1087] at 5. The limit was established to preserve receivership assets for victims, and the amount of the cap was based on the Court's knowledge of local market rates, as well as the conclusion that "top quality professional services can be obtained for less than $500 per hour." Id. Application of the hourly rate limit to the present fee petition results in reductions of $20,330 for the fees requested by Faegre and $5,411 for the fees requested by Oppenheimer.

The Court's *in camera* review of the invoices supporting the fee requests for Holland & Knight, Ruden & McCloskey, and Baker Tilly results in a finding that the fees and expenses were reasonable and necessary.

Based on the foregoing, **IT IS HEREBY ORDERED THAT:**

The Receiver's Motion [Docket No. 1525] is **GRANTED IN PART** and **DENIED IN PART.** The Receiver is authorized to make payments as follows:

1.  Faegre & Benson LLP                                  $151,057.53

2. Oppenheimer Wolff & Donnelly LLP $215,950.61

3. Holland & Knight $2,239.96

4. Ruden & McClosky $1,564.20

5. Baker Tilly Virchow Krause, LLP $25,585.00

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 20, 2010.