IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 08-5348 ADM/JSM |
| | ) | |
| 1.   THOMAS JOSEPH PETTERS; | ) | |
|      PETTERS COMPANY INC., | ) | |
|      PCI; PETTERS GROUP WORLDWIDE, LLC; | ) | |
| 2.   DEANNA COLEMAN aka DEANNA MUNSON; | ) | |
| 3.   ROBERT WHITE; | ) | |
| 4.   JAMES WEHMHOFF; | ) | |
| 5.   LARRY REYNOLDS dba | ) | |
|      NATIONWIDE INTERNATIONAL RESOURCES | ) | |
|      aka NIR; | ) | |
| 6.   MICHAEL CATAIN dba | ) | |
|      ENCHANTED FAMILY BUYING COMPANY; | ) | |
| 7.   FRANK E. VENNES JR. dba | ) | |
|      METRO GEM FINANCE | ) | |
|      METRO GEM INC., | ) | |
|      GRACE OFFERINGS OF FLORIDA LLC, | ) | |
|      METRO PROPERTY FINANCING, LLC, | ) | |
|      38 E. ROBINSON, LLC, | ) | |
|      55 E. PINE, LLC, | ) | |
|      ORLANDO RENTAL POOL, LLC, | ) | |
|      100 PINE STREET PROPERTY, LLC, | ) | |
|      ORANGE STREET TOWER, LLC, | ) | |
|      CORNERSTONE RENTAL POOL, LLC, | ) | |
|      2 SOUTH ORANGE AVENUE, LLC, | ) | |
|      HOPE COMMONS, LLC, | ) | |
|      METRO GOLD, INC., | ) | |
| | ) | |
| Defendants. | ) | |

_____

Daryle L. Uphoff, Esq., Lindquist & Vennum P.L.L.P., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Surya Saxena, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff United States of America.

_____

**ORDER AUTHORIZING RECEIVER TO VOTE SHARES OF
NEW COMMON STOCK IN MN AIRLINE HOLDINGS, INC. HELD BY
THOMAS J. PETTERS AND PETTERS AIRCRAFT LEASING, LLC**

This matter came before the Court on March 30, 2011 on the motion [Docket No. 1783] of Douglas A Kelley ("Kelley" or the "Receiver"), in his capacity as the Court-appointed Receiver, to authorize him vote shares of new stock in MN Airline Holdings, Inc. held by Thomas J. Petters and Petters Aircraft Leasing, LLC.  Plaintiff United States of America (the "Government") filed a response [Docket No. 1793] stating that it does not oppose the Motion. No objections to the Motion were filed or raised at the hearing.

Based on the pleadings, files, and arguments of counsel, the Court finds:

1.	Prior to commencement of the Receivership, in November of 2006, Sun Minnesota Domestic, LLC, Sun Minnesota Foreign, LLC and Sun Credit, LLC (collectively, the "Sun Entities") and Petters, through Petters Aviation, LLC ("Petters Aviation"), joined together to acquire Sun Country Airlines.  The ownership of Sun Country Airlines was placed in MN Airline Holdings, Inc. ("MN Holdings"), the shares of which in turn were owned by the Sun Entities, Petters Aviation and a few passive individual investors.  MN Holdings in turn owns and controls 100% of the membership interests of MN Airlines, LLC dba Sun Country Airlines ("MN Airlines" or "Sun Country").

2.	In November 2007, the Sun Entities sold their interest in MN Holdings to Petters Aviation (the "Buyout").  After the Buyout, Sun Country continued to struggle financially, requiring Petters Aviation, Petters Aircraft Leasing, LLC ("PAL"), PCI, PGW and Petters (collectively, the "Petters Entities") to continue to provide funds to Sun Country to maintain operations, finance the lease of aircraft and for other business needs.

3.	On October 6, 2008, after disclosure of Petters' fraudulent scheme, MN Holdings and Sun

Country each filed for protection under Chapter 11 of the Bankruptcy Code (collectively, the "Sun Country Bankruptcy Cases"), currently pending before the United States Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court"), Case Nos. 08-35198 and 08-35197 respectively. The Sun Country Bankruptcy Cases are assigned to Judge Robert J. Kressel.

4. On October 6, 2008, Petters Aviation also filed for protection under Chapter 11 of the Bankruptcy Code (the "Petters Aviation Bankruptcy Case"), currently pending before the Bankruptcy Court as Case No. 08-45136. The Petters Aviation Bankruptcy Case is assigned to Judge Robert J. Kressel.

5. During the pendency of the Sun Country Bankruptcy Cases, each of the Petters Entities filed proofs of claim based on funds each advanced to or on behalf of Sun Country or MN Holdings (collectively, the "Sun Country Debtors") that remained unpaid as of commencement of the Sun Country Bankruptcy Cases.

6. The Sun Country Debtors' Second Modified Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated September 10, 2010, was confirmed by the Bankruptcy Court by an Order entered on September 10, 2010 (the "Sun Country Confirmed Plan" and the "Sun Country Confirmation Order").

7. Petters Aviation and Elite Landings, LLC's Third Modified Joint Plan of Liquidation, dated December 31, 2010, was confirmed by the Bankruptcy Court by an Order entered on March 10, 2011 (the "Petters Aviation Confirmed Plan" and the "Petters Aviation Confirmation Order").

8. Pursuant to the Sun Country Confirmed Plan, the Petters Entities' Class 5-B Claims were allowed in the compromised aggregate amount of $78,245,000.00, which they then allocated among themselves as follows:

| | |
|---|---|
| Petters Aviation | $25,384,728.87 |
| Petters | $ 3,200,000.00 |
| PGW | $ 3,109,369.04 |
| PCI | $ 5,200,268.15 |
| PAL | $41,350,633.94 |

9.      The Receiver, the Chapter 11 Trustee (the "Trustee") in the bankruptcy cases jointly administered under In re Petters Company, Inc., et al., currently pending before the United States Bankruptcy Court, District of Minnesota, as Case No. 08-45257, Petters Aviation and the Sun Entities have resolved several disputes through settlement agreements, pursuant to which the resulting distribution of new common stock in MN Holdings as provided in the Sun Country Confirmed Plan will be as follows:

| | |
|---|---|
| Stan Gadek | .3% |
| Sun Entities | 44.1% |
| Petters Aviation | 11.2% |
| PCI | 4.4% |
| PGW | 2.6% |
| Petters | 2.7% |
| PAL | 34.7% |
| Total | 100.0% |

10.     The Sun Country Confirmed Plan became effective on February 23, 2011 and the Petters Entities, including Petters and PAL, have each received a pro rata distribution of the new common stock of MN Holdings.

11.     Pursuant to the Petters Aviation Confirmed Plan, on the effective date of the Petters Aviation Confirmed Plan all assets of the Petters Aviation bankruptcy estate, including the shares of MN Holdings new common stock held by Petters Aviation (the "Petters Aviation Shares"), will automatically vest in the Petters Aviation/Elite Creditor's Trust (the "Aviation Creditor's Trust").  The Receiver has negotiated an agreement with the trustee of the Aviation Creditor's Trust, pursuant to which all of the Petters Aviation Shares will be placed in a voting

trust (the "Voting Trust"), and the Receiver will be the trustee of the Voting Trust authorized to vote the Petters Aviation Shares.

12.     MN Holdings is currently and actively marketing for sale its ownership of its primary asset, Sun Country, and has accepted a letter of intent with a proposed purchaser of MN Holdings' shares of Sun Country (the "Sun Country Shares").  MN Holdings will ultimately negotiate an agreement for the purchase and sale of the Sun Country Shares, which transaction will require the approval of the shareholders of MN Holdings, including Petters and PAL. Petters and PAL each own and control approximately 2.7% and 34.7% respectively of the outstanding MN Holdings common stock.  While Petters and PAL are minority shareholders, the Petters Entities collectively have a controlling interest in the reorganized MN Holdings.

13.     The value of Petters' and PAL's shares in MN Holdings will be diminished if MN Holdings is unable to sell the Sun Country Shares in a timely manner.  Voting Petters' and PAL's shares of MN Holdings will maximize the recovery of assets and distributions to creditors and victims while minimizing the costs and delay of administering the Receivership.

14.     Counsel for the Receiver has filed an affidavit ("Uphoff Affidavit") [Docket No. 1976] defining the minimum price ("Minimum Purchase Price") at which the Receiver would be authorized to vote the new shares of common stock in MN Airline Holdings held by Petters and PAL.

THEREFORE, IT IS ORDERED:

   (A) The Motion [Docket No. 1783] is GRANTED.

   (B) The Receiver is hereby authorized to vote the shares of new common stock in MN Airline Holdings, Inc. held by Thomas J. Petters and Petters Aircraft Leasing, LLC, and may vote such shares to approve a sale by MN Airline Holdings, Inc. of the shares of its

wholly-owned subsidiary MN Airlines, LLC dba Sun Country Airlines if the aggregate purchase price for those shares exceeds the Minimum Purchase Price as defined in the Uphoff Affidavit and disclosed to the Court. If the purchase price for the Sun Country Shares, however, is less than the Minimum Purchase Price, the Receiver will not be authorized to vote affirmatively to approve such transaction without further order of this Court.

IT IS SO ORDERED, this 30th day of March, 2011.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE