## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                       Civil No. 08-5348 ADM/JSM

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

        Defendants,

Douglas A. Kelley,

        Receiver,

Gary Hansen,

        Receiver.

_____

Steven E. Wolter, Esq., Kelley Wolter & Scott, P.A., Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Surya Saxena, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff United States of America.

Eric Riensche, Esq., Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, MN, on behalf of Felhaber, Larson, Fenlon & Vogt, P.A.

_____

## **ORDER FOR AUTHORIZATION TO MAKE PAYMENTS**

On April 27, 2011, the Court heard oral argument on the requests [Docket Nos. 1811, 1814, 1817, 1820, 1823, 1826, 1829, 1832, 1835, 1838, 1841, 1844, and 1847] of Receiver Douglas A. Kelley ("Receiver Kelley") to authorize interim payments for the following fee categories: 1) legal, accounting, and tax services performed for the receivership; 2) legal work performed on behalf of a former employee of Petters Group Worldwide, LLC ("PGW"), and 3) legal work performed on behalf of Defendant Thomas Joseph Petters ("Defendant Petters").

Plaintiff United States of America ("the Government") filed a Response [Docket No. 1855] to the Motions.  The Government does not object to the approval of the fee applications, but requests that the Receiver apportion the fees among the appropriate receivership entities that benefitted from the services.  The Government also states that it was not privy to the billing statements submitted *in camera* in support of the fee applications of Felhaber, Larson, Fenlon & Vogt, P.A. ("Felhaber") and Leonard, Street & Deinard, P.A. ("LSD"), and therefore cannot comment on the reasonableness or justification of the requested fees.

 No other responses or objections to the Motions were filed or raised at the hearing.

The Court has reviewed the underlying billing statements and finds the fees to be reasonable and necessary with the exception of the following fee applications.  First, the billing statements underlying the fee applications of PricewaterhouseCoopers LLP ("PwC") include charges for time spent preparing PwC's invoices.  Consistent with the practice in this receivership case of disallowing compensation for the preparation of invoices and fee

applications, PwC's fees are reduced by $915.50.  See Mem. Opinion and Order, Oct. 12, 2009 [Docket No. 653] at 5 (denying compensation for time spent preparing fee applications and invoices because such services benefit the service provider and not the receivership estate).

Second, the Felhaber fee application requests over $8,000 to evaluate and assert Defendant Petters' personal attorney-client privilege during the deposition of David Baer ("Baer"), who served as counsel for both Defendant Petters and PGW.  The fees are excessive given that Defendant Petters has no assets and is serving a fifty year prison sentence, and that Felhaber has already been paid over $2,965,000 for representing Defendant Petters.  Additionally, the billing statement includes charges of $470 for preparing for and attending a hearing regarding Felhaber's legal fees.  For these reasons, the fees requested in the Felhaber fee application are reduced to $4,000.

Third, the fee application of LSD requests payment of fees and expenses incurred from August 2010 through October 2010 to represent Baer, PGW's former counsel, during a four-day deposition regarding an adversary proceeding in the Polaroid Corporation ("Polaroid") bankruptcy case.  In the past, receivership funds have been used to indemnify Baer for legal costs incurred as a consequence of his former employment with PGW, even though the duty to indemnify Baer is a responsibility of PGW.  See, e.g., Docket Nos. 764, 1017, 1467, and 1506.  However, the Coordination Agreement among the Receiver, the Government, the Polaroid Trustee, and the PCI/PGW Trustee, approved by this Court and the bankruptcy court on September 14, 2010, requires all expenses incurred as of July 1, 2010 for the benefit of the bankruptcy estates to be submitted in the bankruptcy proceedings.  See Uphoff Aff. [Docket No. 1351] Ex. A ("Coordination Agreement") ¶ III.A; Order Approving Coord. Agrmt. [Docket No.

1466]. Because the fees underlying LSD's fee petition are liabilities of the PGW bankruptcy estate that were incurred after July 1, 2010, they must be submitted for payment in the bankruptcy proceedings.

**IT IS HEREBY ORDERED** that Receiver Kelley's Motions are **GRANTED** as to Docket Nos. 1811, 1814, 1820, 1823, 1826, 1829, 1844, and 1847 ; **GRANTED IN PART** and **DENIED IN PART** as to Docket Nos. 1832, 1835, 1838, and 1841; and **DENIED** as to Docket No. 1817.

1. Receiver Kelley is authorized to make payments as follows:

    a. Kelley, Wolter & Scott, P.A.                     $148,217.06

    b. Lindquist & Vennum PLLP                          $135,117.86

    c. PricewaterhouseCoopers LLP                       $48,134.11

    d. Tonya Rosso                                      $4,431.50

    e. Bernick, Lifson, Greenstein, Greene & Liszt, P.A. $1,637.87

    f. Fruth, Jamison & Elsass, PLLC                    $8,953.61

    g. Felhaber, Larson, Fenlon & Vogt, P.A.            $4,000.00

2. To the extent possible, Receiver Kelley shall apportion the fees among the appropriate receivership entities that benefitted from the services.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 3, 2011.

4