IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 08-5348 (ADM/JSM) |
| | ) | |
| 1. THOMAS JOSEPH PETTERS; | ) | |
| PETTERS COMPANY INC., | ) | |
| PCI; PETTERS GROUP WORLDWIDE, LLC; | ) | |
| 2. DEANNA COLEMAN aka DEANNA MUNSON; | ) | |
| 3. ROBERT WHITE; | ) | |
| 4. JAMES WEHMHOFF; | ) | |
| 5. LARRY REYNOLDS dba | ) | |
| NATIONWIDE INTERNATIONAL RESOURCES | ) | |
| aka NIR; | ) | |
| 6. MICHAEL CATAIN dba | ) | |
| ENCHANTED FAMILY BUYING COMPANY; | ) | |
| 7. FRANK E. VENNES JR. dba | ) | |
| METRO GEM FINANCE | ) | |
| METRO GEM INC., | ) | |
| GRACE OFFERINGS OF FLORIDA LLC, | ) | |
| METRO PROPERTY FINANCING, LLC, | ) | |
| 38 E. ROBINSON, LLC, | ) | |
| 55 E. PINE, LLC, | ) | |
| ORLANDO RENTAL POOL, LLC, | ) | |
| 100 PINE STREET PROPERTY, LLC, | ) | |
| ORANGE STREET TOWER, LLC, | ) | |
| CORNERSTONE RENTAL POOL, LLC, | ) | |
| 2 SOUTH ORANGE AVENUE, LLC, | ) | |
| HOPE COMMONS, LLC, | ) | |
| METRO GOLD, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPROVE
SETTLEMENT AGREEMENT AND MUTUAL RELEASE BY AND BETWEEN
DOUGLAS A. KELLEY, AS THE RECEIVER OF THOMAS J. PETTERS
AND THE THOMAS J. PETTERS FAMILY FOUNDATION, AND
CATHEDRAL HIGH SCHOOL**

Douglas A. Kelley (the "Receiver"), by and through his counsel, respectfully submits this memorandum of law in support of his motion to authorize and confirm the Settlement Agreement and Mutual Release by and between Douglas A. Kelley, as the Receiver for Thomas J. Petters and the Thomas J. Petters Family Foundation, and Cathedral High School (the "Transferee").

## BACKGROUND AND ARGUMENT

1. On October 6, 2008 this Court, in its Order for Entry of Preliminary Injunction, Order Appointing Receiver, and Other Equitable Relief [Docket No. 12], as amended on October 14, 2008 [Docket No. 43], October 22, 2008 [Docket No. 70] and December 8, 2008 [Docket No. 127] (the "Receivership Order"), appointed Douglas A. Kelley as Receiver over, among others, Thomas J. Petters ("Petters"), Petters Company, Inc., Petters Group Worldwide, LLC and any affiliates, subsidiaries, divisions, successors, or assigns owned 100% or controlled by the foregoing, which includes the Thomas J. Petters Family Foundation (the "Foundation") (hereinafter, these persons or entities may be referred to collectively as the "Petters Entities" or "Receivership Estate").

2. Pursuant to the Receivership Order, "the Receiver is authorized to take exclusive immediate custody, control, and possession of all the property, assets, and estates belonging to or in the possession, custody, or under the control of Defendants, wherever situated … divert mail and to sue for, collect, receive, take in possession, hold, liquidate or sell and manage all assets of Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of Defendants." Receivership Order, Section IV, ¶ B1. Furthermore, "[t]he Receiver shall

have the power and authority to perform any other act necessary or desirable to accomplish any of the foregoing." Receivership Order, Section IV, ¶ B9.

3. The Foundation was created by Petters, legally structured as a Section 501(c)(3) exempt private foundation and organized as a non-profit corporation under the laws of the State of Minnesota. (Declaration of Lodoen at ¶2, Ex. A.)

4. The Foundation was operated as an instrumentality and alter ego of Petters for the purpose of making charitable gifts, donations and pledges of financial support to a number of schools, universities and various other charitable organizations. (Dec. Lodoen at ¶3, Exh. B).

5. Petters and the Foundation made a number of transfers to Transferee during the period beginning on or about January 30, 2004 and ending on or about August 10, 2006. The Foundation and Petters made three separate transfers to Transferee in the aggregate amount of $252,900.00 (the "Avoidable Transfers"). *Id*.

6. The Receiver and Transferee have negotiated a settlement and release, mutually acceptable to both parties, regarding the return of the Avoidable Transfers to the Receivership Estate in the amount of $125,000.00 (the "Settlement Payment") by entering into, subject to this court's approval, a Settlement Agreement and Mutual Release (the "Agreement"). *Id*.

7. Pursuant to the Agreement, the Receiver has asserted that Transferee is liable to the Receiver under the Minnesota Uniform Fraudulent Transfer Act, Minn. Stat. 513.41 *et seq*., for the Avoidable Transfers the Transferee received from the Foundation and Petters. *Id*. Additionally, the Transferee, without admitting liability, wishes to settle

all disputes with the Receiver which will occur upon this Court's approval of the Agreement. *Id*.

8. The Transferee has agreed to deliver to the Receiver the Settlement Payment within 30 days after the date on which the Agreement becomes effective and binding on the Parties. *Id*.

9. In exchange for the Settlement Payment, the parties have agreed to release each other from any and all past, present or future claims or causes of action, known or unknown, that are, have been, could have been or might in the future be asserted and that are based on or arise out of the Avoidable Transfers, except claims arising out of the Agreement. *Id*.

10. "Settlement agreements are generally encouraged and favored by the courts … [i]n the absence of mistake or fraud, a settlement agreement will not be lightly set aside." *Justine Realty Co. v. American Nat'l Can Co.*, 976 F.2d 385, 391 (8th Cir. 1992). "The general principle that the law favors settlement agreements has been recognized for over 100 years." *Liddell by Liddell v. Bd. of Educ. of City of St. Louis*, 126 F.3d 1049, 1056 n. 9 (8th Cir. 1997) (citing *Williams v. First Nat'l Bank,* 216 U.S. 582, 595, 30 S.Ct. 441, 445, 54 L.Ed. 625 (1910) (compromises of disputed claims are favored by the courts) (citing *Hennessy v. Bacon,* 137 U.S. 78, 11 S.Ct. 17, 34 L.Ed. 605 (1890)). "The law strongly favors settlements. Courts should hospitably receive them … [a]s a practical matter, a remedy that everyone agrees to is a lot more likely to succeed than one to which the defendants must be dragged kicking and screaming." *Liddell*, 126 F.3d at

4

1056  (quoting *Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1,* 921 F.2d 1371, 1383 (8th Cir. 1990)).

## CONCLUSION

For the foregoing reasons, the Receiver respectfully requests the Court to issue an Order authorizing and confirming the Agreement.

DATED:  November 14, 2011

**LINDQUIST & VENNUM P.L.L.P.**

By   /s/ James A. Lodoen
James A. Lodoen, #0173605
jlodoen@lindquist.com
Sandra Smalley-Fleming # 296983
ssmalley@lindquist.com
Adam C. Ballinger #389058
aballinger@lindqust.com

4200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 371-3211
(612) 371-3207 (facsimile)

**ATTORNEYS FOR RECEIVER
DOUGLAS A. KELLEY**