# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

          Plaintiff,

    v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White; James Wehmhoff; Larry
Reynolds and/or d/b/a Nationwide International
Resources, a/k/a NIR; Michael Catain and/or d/b/a
Enchanted Family Buying Company;
Frank E. Vennes, Jr., and/or d/b/a Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.;

          Defendants,

Douglas A. Kelley,

          Receiver,

Gary Hansen,

          Receiver,

Barry E. Mukamal, Liquidating Trustee of
Palm Beach Finance Partners Liquidating Trust and
Palm Beach Finance II Liquidating Trust,

          Applicant Intervenor.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

---

Michael S. Budwick, Esq., and Jonathan Feldman, Esq., Meland Russin & Budwick, P.A.,
Miami, FL, and Daniel N. Rosen, Esq., Parker Rosen LLC, Minneapolis, MN, on behalf of Barry

E. Mukamal, Liquidating Trustee for Palm Beach Finance Partners Liquidating Trust and Palm Beach Finance II Liquidating Trust.

James L. Volling, Esq., Faegre Baker Daniels LLP, Minneapolis, MN, on behalf of Defendants Frank E. Vennes, Jr. and Metro Gem, Inc.

Ranelle Leier, Esq., Oppenheimer Wolff & Donnelly LLP, Minneapolis, MN, on behalf of Liquidating Trustee Gary Hansen.

Carolyn G. Anderson, Esq., Zimmerman Reed, PLLP, Minneapolis, MN, on behalf of AI Plus; Glen and Sue Silker; Silker Investments; Timothy J. Finley; IOC Distribution; Jeffrey Siemon; and Mark T. Wyder Family Trust.

Gregory G. Brooker, Esq., and Bahram Samie, Esq., Assistant United States Attorneys, Minneapolis, MN, on behalf of Plaintiff.

Mark Larsen, Esq., and James A. Lodoen, Esq., Lindquist & Vennum, PLLP, Minneapolis, MN, and Douglas A. Kelley, Esq., Kelley and Wolter, P.A., Minneapolis, MN, on behalf of Douglas A. Kelley, Chapter 11 Trustee for Petters Company, Inc.

---

# I.  INTRODUCTION

On February 21, 2012, the undersigned United States District Judge heard oral argument on the Motion to Intervene [Docket No. 2133] and the Motion for Relief from the Stay of Litigation [Docket No. 2136] filed by Barry Mukamal, Liquidating Trustee (the "Palm Beach Trustee") for the liquidating trusts of bankrupt hedge funds Palm Beach Finance Partners and Palm Beach Finance II (the "Palm Beach Funds").  The Palm Beach Trustee requests that the Court lift the stay of litigation against Frank Vennes, Jr. ("Vennes") and Metro Gem, Inc. ("Metro Gem") (collectively, the "Vennes Defendants") to allow the Palm Beach Trustee to proceed with the pending adversary proceeding he has filed against the Vennes Defendants in bankruptcy court in Florida (the "Florida Action").  For the reasons set forth below, the Motion to Intervene is granted, and the Motion for Relief from the Stay of Litigation is denied.

2

## II.  BACKGROUND

**A.      Receivership Established, Litigation Stay Imposed**

On October 2, 2008, Plaintiff United States of America (the "Government") commenced this case under the Anti-Fraud Injunction Act, 18 U.S.C. § 1345, to preserve assets for victim restitution and forfeiture if related criminal investigations of an alleged multi-billion dollar Ponzi scheme by Thomas Petters ("Petters") and business associates resulted in convictions.  On October 16, 2008, the Vennes Defendants stipulated to the entry of an order (the "Vennes Receivership Order") appointing Gary Hansen as receiver to manage the Vennes Defendants' operations and assets (the "Vennes Receivership").  Order for Entry of Prelim Inj., Appointment of Receiver, and Other Equitable Relief [Docket No. 59].  The Vennes Receivership Order was amended February 18, 2010, to stay all civil litigation against the Vennes Defendants with the exception of filings necessary to toll applicable statutes of limitation.  Am. Order, Feb. 18, 2010 [Docket No. 944] ¶ V.

**B.      Asset Distribution Plan Approved, Litigation Stay Continued**

On January 25, 2011, the Court entered an Order (the "January 25 Order") approving an Asset Distribution Plan under which the majority of Vennes Receivership assets would be distributed to a group investors who suffered a net loss over the lifetime of their investments with the Vennes Defendants.  Mem. Opinion and Order, Jan. 25, 2011 [Docket No. 1762].  Investors entitled to a distribution under the Asset Distribution Plan agreed to discharge their remaining claims against the Vennes Defendants upon receipt of their distribution share under the Plan.  Id. at 9-10.  Upon entry of the January 25 Order, the Vennes Receivership was dissolved, and Gary Hansen ("Trustee Hansen") became the Asset Distribution Plan's

3

Liquidating Trustee.  Id. at 28-29, ¶ 16.

The stay of litigation that had been in place for the Vennes Receivership was continued under the January 25 Order until "such . . . time as the Asset Distribution Plan is fully accomplished."  Id. at 27, ¶ 13.  An exception was made for Douglas A. Kelley, the Chapter 11 Bankruptcy Trustee for Petters Company, Inc. (the "PCI Trustee"), who was allowed relief from the litigation stay beginning May 1, 2011, for the limited purpose of proceeding with a bankruptcy adversary action he had filed against the Vennes Defendants in the PCI bankruptcy case (the "PCI Action").  Id. at 31, ¶ 23.

Although the January 25 Order does not prohibit the PCI Trustee from proceeding with the PCI Action, discovery in the PCI Action is nevertheless stayed by the Minnesota bankruptcy court overseeing that action.  See In re Petters Company, Inc., 08-bk-45257 (Bankr. D. Minn.) ("PCI Bankruptcy"), Order, Jan. 21, 2011 [Petters Bankruptcy Docket No. 961] at 8 § G(iv). The PCI Action is one of several adversary proceedings sharing common threshold issues in the PCI bankruptcy case for which motions to dismiss common threshold issues have been filed. The bankruptcy court has stayed discovery in these adversary proceedings while the motions to dismiss remain pending.  Id.

## C.    Vennes Indicted

In April 2011, Vennes was criminally indicted with Palm Beach Fund managers David Harrold and Bruce Prevost.  United States v. Vennes, Crim. No. 11-141 (RHK/JJK) (D. Minn.) ("Vennes Criminal") [Vennes Criminal Docket No. 1].  The Superseding Indictment alleges, inter alia, that Vennes committed securities fraud by making material misrepresentations concerning the Palm Beach Funds' investments with Petters.  Superseding Indictment [Vennes Criminal Docket No. 37] at 21-24, ¶¶ 51-56.  The Superseding Indictment also includes

forfeiture allegations requiring Vennes to forfeit all property which constitutes or is derived from the alleged violations.  Id. at 38-40.  The criminal trial is scheduled for October 1, 2012.  Order, March 5, 2012 [Vennes Criminal Docket No. 92].

**D.      Palm Beach Trustee Files Florida Adversary Proceeding**

To toll the applicable statute of limitations, in November 2011 the Palm Beach Trustee filed the Florida Action against the Vennes Defendants in bankruptcy court in in Florida.  See Mem. of Law in Supp. of Mot. for Relief from Stay [Docket No. 2138] at 6, Ex. 1.  The Florida Action attempts to avoid millions of dollars in transfers by the Palm Beach Funds to the Vennes Defendants and seeks to recover monetary damages for alleged misrepresentations, omissions, and breaches of fiduciary duty by the Vennes Defendants to the Palm Beach Funds regarding the funds' investments with Petters.  Id. Ex. 1.  The Palm Beach Trustee states the Palm Beach Funds' cash losses in connection with the Petters fraud exceed $660 million.  Id. at 7.  The bankruptcy court overseeing the Florida Action entered a pretrial order staying discovery until the parties to the Florida Action complete mediation.

**III.  DISCUSSION**

**A.      Motion to Intervene**

The Palm Beach Trustee seeks to intervene for the limited purpose of seeking relief from the stay of litigation against the Vennes Defendants.  The Motion to Intervene is not opposed, and the Court has previously allowed nonparties seeking relief from a similar litigation stay imposed in this case to intervene based on "considerations of fairness and due process."  Mem. Opinion and Order, Dec. 12, 2008 [Docket No. 143] at 6 n.2.  Accordingly, the Palm Beach Trustee is permitted to intervene for the limited purpose of seeking relief from the stay of litigation against the Vennes Defendants.

**B.     Motion for Relief from the Stay of Litigation**

The Palm Beach Trustee argues the litigation stay imposed under the January 25 Order should be lifted because he is similarly situated to the PCI Trustee and thus entitled to similar relief from the litigation stay.  The Palm Beach Trustee also contends the Asset Distribution Plan is nearing its final stages, and thus the only remaining beneficiary of the litigation stay is Vennes, who may be motivated to dissipate his assets due to the criminal proceedings pending against him.  The Palm Beach Trustee further urges the Asset Distribution Plan may take years, if ever, to be fully accomplished, and that staying prosecution of the Florida Action until every last asset is fully liquidated under the Plan is tantamount to extinguishing his claim.

The Motion to lift the stay of litigation is opposed by Trustee Hansen, the Government, the PCI Trustee, Vennes, and a group of  Vennes' creditors who refer to themselves as the Faith-Community Investors.[1]

In determining whether to grant relief from a stay of litigation imposed in a receivership case, a district court considers the following factors: "(1) whether refusing the stay genuinely preserves the status quo or whether the [movant] will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the movant's underlying claim."  S.E.C. v. Wencke, 742 F.2d 1230, 1231 (9th Cir. 1984).  The burden is on the movant to prove that the balance of these factors weighs in favor of lifting the stay.  United States v. ESIC Capital, Inc., 675 F. Supp. 1462 (D. Md. 1987).  For the purpose of this Motion, the Court will assume the Palm Beach Trustee's claims in the Florida Action are colorable and would support lifting the stay.  See United States

---

[1] The Faith-Community Investors are AI Plus; Glen and Sue Silker; Silker Investments; Timothy J. Finley; IOC Distribution; Jeffrey Siemon; and Mark T. Wyder Family Trust.

v. Acorn Tech. Fund, L.P., 429 F.3d 438, 444 (3d Cir. 2005) (explaining that under the third

factor the district court should determine only whether the movant has asserted a "colorable

claim").  However, the third factor is outweighed by the first two factors, both which favor

leaving the stay in place at this time.

      With respect to the first factor, the stay imposed under the January 25 Order maintains

the status quo by: (1) allowing Trustee Hansen to accomplish the Asset Distribution Plan without

disruption, and (2) preventing further dissipation of assets preserved for victims.  See Id. ("A

district court should give appropriately substantial weight to the receiver's need to proceed

unhindered by litigation, and the very real danger of litigation diminishing the receivership

estate.").  Several substantial assets remain to be liquidated under the Asset Distribution Plan,

including multiple real estate properties, artwork, coins, and jewelry.  If the Palm Beach Trustee

were allowed to proceed with the Florida Action at this time, Trustee Hansen's administration of

those assets would be hindered.  Although Trustee Hansen is not a party to the Florida Action, he

would be required to participate in motion practice and respond to inquiries from Vennes'

investors and creditors.  Trustee Hansen's costs would also increase, thereby depleting the funds

available for beneficiaries under the Asset Distribution Plan.  Additionally, investors and

creditors who continue to hold claims against Vennes may be encouraged to also seek relief from

the stay, causing Trustee Hansen to incur further costs in responding to those requests.

      In comparison, the Palm Beach Trustee will not suffer substantial injury if the stay is not

lifted at this time.  Regardless of whether the stay under the January 25 Order is lifted, discovery

would remain stayed in the Florida Action under the Florida bankruptcy court's pretrial order.

Additionally, the PCI Trustee is currently stayed from taking discovery in the PCI Action, so

there is no present threat that the PCI Action will move forward while the Florida Action is

stayed.  Moreover, criminal proceedings against Vennes are now pending, and Vennes insists if the stays in the Florida or PCI Actions are lifted, he will seek to have those actions stayed by the district court overseeing the criminal case.  <u>See</u> Vennes Mem. in Opp'n to Mot. [Docket No. 2156] 4.  The Palm Beach Trustee stated at the hearing he is agreeable to continuing the stay of discovery in the Florida Action until the conclusion of Vennes' criminal trial.  Thus, under the present circumstances, the stay imposed under the January 25 Order generally preserves the status quo and does not result in substantial injury to the Palm Beach Trustee.

The second factor – the time in the receivership at which the motion for relief from stay is made – also weighs against lifting the stay at this time.  As stated above, numerous significant assets including real estate, artwork, and jewelry remain to be liquidated under the Asset Distribution Plan.  The stay continues to allow Trustee Hansen to focus on liquidating and administering these substantial assets with minimal disruption and cost.  Given this stage of the Asset Distribution Plan, the Palm Beach Trustee's motion is premature and does not warrant lifting the litigation stay at this time.

## IV.  CONCLUSION

Based on all the files, records and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      The Palm Beach Trustee's Motion to Intervene [Docket No. 2133] is GRANTED.

2.      The Palm Beach Trustee's Motion Seeking Relief from the Stay of Litigation

[Docket No. 2136] is DENIED without prejudice to renewing the Motion after the conclusion of

the criminal proceedings in United States v. Vennes, Crim. No. 11-141 (RHK/JJK) (D. Minn.).

IT IS SO ORDERED.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 12, 2012.