**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | )    **Civ. No. 08-5348 ADM/JSM** |
| Plaintiff , | ) |
| | ) |
| vs. | ) |
| | ) |
| Frank E. Vennes, Jr., *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER REGARDING PAYMENTS FOR ATTORNEY'S
FEES OF FAEGRE BAKER DANIELS LLP AND DIRECTING
TRANSFER OF VENNES RELATED FUNDS BEING HELD IN
TRUST BY FAEGRE BAKER DANIELS LLP**

This matter is before the Court pursuant to the Motion [Docket No. 2700] of Liquidating Trustee Gary Hansen (the "Liquidating Trustee") for an order approving payments for legal services provided to Defendant Frank E. Vennes, Jr. and his related entities by Faegre Baker Daniels LLP ("FBD") from December 2013 through September 2014. The Liquidating Trustee also requests an order directing FBD to transfer the remaining cash, coins, and any other assets related to Frank E. Vennes and his entities, including Metro Gold, in its possession or control to the Liquidating Trustee.

Plaintiff United States of America (the "Government") filed a Response [Docket No. 2704] stating it does not oppose payment of the fees as outlined in the Trustee's Motion to the extent the fees are reasonable. The Government also stated that it supports the Liquidating Trustee's request to transfer the remaining assets being held by FBD to

the Liquidating Trustee for distribution in accordance with the Court-approved Asset

Distribution Plan, see Mem. Opinion and Order, Jan. 25, 2011 [Docket No. 1762], and

with the Court's November 19, 2014 Order for Distribution of Deferred Proceeds [Docket

No. 2695].

A hearing was held on December 23, 2014.  Ranelle Leier and Gary Hansen,

Oppenheimer Wolff & Donnelly LLP, appeared on behalf of the Liquidating Trustee.

Assistant United States Attorney Gregory G. Brooker appeared on behalf of the

Government and reiterated that the Government does not oppose the Motion.  James

Volling, Faegre Baker Daniels LLP, appeared on behalf of FBD.

With respect to FBD's fee application, the Court's in camera review of the

underlying invoices shows the fees and costs included in the fee application primarily

relate to three matters.  First, $4,500 in costs were paid to a consulting firm that provided

pre-sentence advice on the Bureau of Prison's Residential Drug Abuse Treatment

Program ("RDAP") and assisted in the preparation of Vennes' sentencing memoranda and

materials.  The Court finds this expenditure to be a reasonable and necessary cost of

representing Vennes in his criminal case.  The RDAP recommendation was adopted by

Judge Kyle in his sentencing Judgment and Commitment.  United States v. Vennes, Crim.

No. 11-141 RHK/JJK (D. Minn.) [Criminal Docket No. 291].

Second, a total of twenty three time entries in FBD's December 2013 to February

2014 billing statements include efforts to recover substantial tax refunds allegedly owed

by the IRS to Vennes and Metro Gem, Inc.  Should Vennes and Metro Gem ultimately

prevail against the IRS on this issue, the tax refunds would potentially become available for distribution to Vennes' victims and creditors through the bankruptcy or remission process.  Therefore, the Court finds that the fees relating to the tax refunds are reasonable. FBD's billing statements do not allow for a precise calculation of the fees incurred for this purpose, because the time entries pertaining to the tax refunds also include time billed by the same attorney for other services on the same date.  However,  the Court finds that a reasonable estimate of the time spent on tax issues is one third of the total time and amount billed in the twenty three entries at issue.  The total time billed for these entries is 38.7 hours at $500 per hour, for a total amount of $19,350.  The Court will authorize payment of one third of this amount ($6,450) for services relating to the tax refund issues.

The remaining category of services for which payment is sought pertains to FBD's civil representation of Vennes and Metro Gem, Inc. in bankruptcy adversary proceedings filed against them by the Petters Company, Inc. ("PCI") Trustee Douglas Kelley and the Palm Beach Trustee Barry Mukamal.  The time period covered by the fee application spans from December 2013 to September 2014, which is after Vennes' February 2013 guilty plea and October 2013 sentencing.  The Court finds the fees incurred to defend Vennes and his entities against civil claims after he was criminally convicted and sentenced will not be compensated, particularly given that the funds that would be used to pay such fees would otherwise go to Vennes' Class B Creditors under the Asset Distribution Plan.  <u>See</u> Mem. Opinion and Order, Jan. 25, 2011 at 7.  Accordingly, payment for this remaining category of fees totaling $28,953.74 is denied.

FBD has informed the Liquidating Trustee that there will be no additional invoices from the firm.  Therefore, after payment of the fees approved in this Order, FBD shall transfer the remaining Vennes-related assets being held by FBD to the Liquidating Trustee.

Based on the files, records, proceedings, and the invoices submitted for the Court's review, **IT IS HEREBY ORDERED THAT** the Liquidating Trustee's Motion [Docket No. 2700] is **GRANTED IN PART and DENIED IN PART** as follows:

1.      Payment to Faegre Baker Daniels LLP is authorized in the amount of $10,950. The payments to Faegre Baker Daniels LLP shall be paid from funds held in trust by Defendant Vennes' counsel as required by the Court-approved Asset Distribution Plan.  See Mem. Opinion and Order [Docket No. 1762] at 31.

2.      After payment of the above fees approved by the Court, Faegre Baker Daniels LLP is directed to promptly transfer all remaining cash, coins, and any other assets related to Defendant Vennes and his entities, including Metro Gold, in its possession or control to the Liquidating Trustee for distribution to the Group B Creditors and the Petters Company, Inc. Trustee in accordance with the Court-approved Asset

Distribution Plan and the Court's November 19, 2014 Order for Distribution of Deferred

Proceeds [Docket No. 2695].

BY THE COURT:


 _____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 23, 2014.