# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                        Plaintiff,

v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

                        Defendants,

Douglas A. Kelley,

                        Receiver,

Gary Hansen,

                        Liquidating Trustee.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5348 ADM/JSM

---

Ranelle A. Leier, Esq., and Gary M. Hansen, Esq., Oppenheimer Wolff & Donnelly LLP,
Minneapolis, MN, on behalf of Liquidating Trustee Gary Hansen.

Assistant United States Attorneys Gregory G. Brooker and James S. Alexander, Minneapolis,
MN, on behalf of the United States of America.

James L. Volling, Esq., Faegre Baker Daniels LLP, Minneapolis, MN, on behalf of Faegre Baker

Daniels LLP.

Timothy D. Kelly, Esq., Dykema Gossett, PLLC, Minneapolis, MN, on behalf of Kimberly Vennes.

---

## I.  INTRODUCTION

On May 20, 2015, the undersigned United States District Judge heard oral argument on the Motion of Liquidating Trustee Gary Hansen ("Trustee Hansen" or "Hansen") to Compel Funds from Defendant Frank E. Vennes, Jr. ("Frank Vennes") and his attorneys James Volling ("Volling") and Faegre Baker Daniels LLP ("Faegre") and Kimberly Vennes and for an Accounting [Docket No. 2724].  Trustee Hansen requests an order compelling:  (1) the transfer to him of all Vennes-related funds being held in trust by Faegre, including $335,333 currently held in a trust account in the name of Frank Vennes' wife Kimberly Vennes; (2) a full accounting of such funds; and (3) a complete disclosure of all assets held jointly or solely by Kimberly Vennes.

Plaintiff United States of America (the "Government") filed a Response [Docket No. 2731] in support of the Motion.  Kimberly Vennes filed a Declaration [Docket No. 2734][1] opposing the Motion.  She states that the funds are proceeds from gold coins and a diamond ring that belonged to her.  Volling filed a Declaration [Docket No. 2735] stating that he regards Faegre as an interpleader of the funds held in trust and stands ready to transfer them to any party the Court orders.  For the reasons set forth below, Trustee Hansen's Motion is granted.

## II.  BACKGROUND

This Motion arises from the recent disclosure that in 2008 over $335,000 in personal

---

[1] Counsel for Kimberly Vennes appeared at the hearing and presented oral argument in opposition to the Motion, but no legal brief was filed on Kimberly Vennes' behalf.

property was delivered by Frank Vennes to his attorneys at Faegre as a retainer for representation of Kimberly Vennes. This property was not disclosed to Hansen when he served as Receiver over Frank Vennes and his entities (the "Vennes Entities") from 2008-2011, nor was it disclosed from 2011 to present, during which time Trustee Hansen has served as Liquidating Trustee under an Asset Distribution Plan that distributes the assets of Frank Vennes and the Vennes Entities to creditors. Trustee Hansen requests an order compelling Faegre to transfer the property to him for distribution under the Asset Distribution Plan.

Hansen has been supervising the assets of Frank Vennes since October 2008, when he was appointed as Receiver for Frank Vennes and the Vennes Entities pursuant to a Receivership Order [Docket No. 59] entered by this Court. Shortly after Hansen's appointment as Receiver, Volling informed him that Faegre was holding a large amount of cash and coins that Frank Vennes had delivered to Faegre as a retainer for Frank Vennes' legal services (the "Frank Vennes Retainer"). Hansen Aff. [Docket No. 2727] ¶ 4.

At the time Frank Vennes provided the Frank Vennes Retainer to Faegre, he also delivered a diamond ring and rare coins that were to be held by Faegre as a retainer for potential legal fees attributable to Kimberly Vennes (the "Kimberly Vennes Retainer"). Volling Decl. ¶ 3; Kimberly Vennes Decl. ¶¶ 2-3. Unlike the Frank Vennes Retainer, Hansen was not informed of the Kimberly Vennes Retainer. Hansen Aff. ¶ 4.

In November 2008, Hansen made several requests to Frank Vennes and his attorneys for a listing of all assets owned or controlled by him, as well as all assets owned by Kimberly Vennes and titled in her name. For example, Hansen asked Frank Vennes and Faegre to complete a Financial Statement in which Frank Vennes was required to list "all other assets . . . possessed or owned by you, your spouse, or dependents." Hansen Aff. Ex. B at Question 56

3

(emphasis added).  Frank Vennes' response was "Please see asset list."  Id.  The asset list

provided with the Financial Statement spanned nine pages but did not include the property being

held in trust at Faegre for Kimberly Vennes, nor was such property disclosed in any other section

of the Financial Statement.  Id. ¶ 8, Ex. B.  After receiving the Financial Statement and asset list,

Receiver Hansen sent an email dated November 17, 2008 to Faegre that stated in part:

> I have some level of discomfort about whether I have received full
> information about the accounts and assets that are available to
> Frank. … I may need to talk to you about a more formal way of
> making an additional disclosure, but in the interim would appreciate
> hearing from Frank through you as to 1) whether he has now
> disclosed and produced (or had the government seize) ALL coins,
> collectibles, art, etc. owned or controlled by him, 2) whether his
> prior disclosures included all assets titled in his wife's name, and 3)
> whether there have been transfers of assets to other individuals or
> entities since the date on which the first search warrant was
> executed.

Hansen Aff. Ex. C (emphases added).  Despite this request, the Kimberly Vennes Retainer was

not disclosed.  Id. ¶ 10.

　　　　In 2013, Volling and Faegre sold the ring and coins serving as the retainer for a total of

$335,333 and deposited the proceeds into a trust account for the Kimberly Vennes file.  Volling

Decl. ¶ 4.  No services were ever charged to the file, nor was Hansen informed of the liquidation

of the assets at the time they were sold.  Id.; Hansen Aff. ¶ 17, Ex. G.

　　　　Kimberly Vennes claims the ring and coins belonged to her.  Kimberly Vennes Decl. ¶¶

2- 3.  She states that Frank Vennes gave the coins to her as a gift in 2003.  Id. ¶ 3.  Although

Kimberly Vennes does not identify when or how she obtained the ring, Volling believes the ring

was also a gift from Frank Vennes to Kimberly Vennes.  Volling Decl. ¶ 3.

　　　　In January 2011, this Court approved an Asset Distribution Plan under which

substantially all assets owned or controlled by Frank Vennes and the Vennes Entities are being

liquidated and distributed to Frank Vennes' creditors.  <u>See</u> Order Approving Asset Distribution Plan [Docket No. 1762].  Trustee Hansen was then appointed to serve as the Liquidating Trustee under the Asset Distribution Plan.  <u>Id.</u>[2]

At the time the Asset Distribution was presented to this Court for approval, Frank Vennes submitted an affidavit (the "Vennes Affidavit") in which he swore under oath that the Asset Distribution Plan included "all of the current assets belonging to me and all entities under my control," with five listed exceptions.  Hansen Aff. Ex. E ("Frank Vennes Aff.") ¶ 4.  The Kimberly Vennes Retainer was not listed as an exception to the Asset Distribution Plan, nor was it disclosed to Hansen or the Government during negotiations over the Asset Distribution Plan.  <u>See</u> <u>id.</u>; Brooker Aff. [Docket No. 2731, Attach.1] ¶ 4.  The Vennes Affidavit further provided that if "it is later discovered that I or any of my entities did possess other undisclosed assets or rights not described in the Asset Distribution Plan and not excepted under Paragraph 4 above, my Creditors may seek to recover from me such assets (or their equivalent value)."  Frank Vennes Aff. ¶ 7.  Trustee Hansen has spent more than four years actively executing the Asset Distribution Plan, and the process is nearing completion.  Hansen Aff. ¶ 15.

In October 2013, following Frank Vennes' criminal conviction on counts of securities fraud and money laundering, Judge Richard Kyle, the assigned Judge in Frank Vennes' related criminal case, ordered Frank Vennes to forfeit to the United States "all property, real or personal, which constitutes or is derived from proceeds traceable to" his securities fraud violations.  <u>U.S. v. Vennes</u>, 11-cr-141 (D. Minn.) ("Criminal Case") [Criminal Case Docket No. 287] ¶ 3.  Judge

---

[2] Because the Asset Distribution Plan disposed of all assets of the Receivership, the Receivership was dissolved.  <u>Id.</u>

Kyle further ordered a personal money judgment against Frank Vennes for over $48 million.  Id.
¶ 4; Sentencing J. [Docket No. 291] 6.

In December 2014, this Court issued an Order [Docket No. 2707] requiring Faegre to
transfer to Trustee Hansen all remaining cash, coins, and any other assets it had been holding in
connection with the Frank Vennes Retainer.  At the time the Order was entered, the funds Faegre
was holding for the Kimberly Vennes Retainer remained undisclosed.

In March 2015, Trustee Hansen learned for the first time of the $335,333 still being held
by Faegre.  Hansen Aff. ¶ 2.  Disclosure of the funds was made orally by Volling to the
Government on March 12, 2015 as Volling was concluding his representation of Frank Vennes.
Volling Decl.  ¶ 9; Brooker Aff. ¶ 2.  Volling avers that he was aware that there would be
competing claims to the funds that would be made by the Government (based on the forfeiture
order), Trustee Hansen (based on the Asset Distribution Plan), bankruptcy trustee Doug Kelley
(based on a bankruptcy adversary proceeding that had been filed against Vennes and the Vennes
Entities), and Kimberly Vennes (based on her claim of ownership).  Id. ¶ 8.  Due to these
competing claims, Volling did not feel comfortable providing the trust account funds to
Kimberly Vennes, and sought direction from the Government for how the funds should be
distributed.  Id. ¶ 9.

Upon learning of the existence of the funds, Trustee Hansen filed this Motion seeking:
(1) the transfer to him of all Vennes-related funds held by Faegre; (2) a full accounting of such
funds; and (3) a complete disclosure of all assets held jointly or solely by Kimberly Vennes.

## III.  DISCUSSION

Trustee Hansen argues that Frank Vennes owned or controlled the property he gave to Faegre for the Kimberly Vennes Retainer, and therefore this property is subject to the Asset Distribution Plan.  In support, Trustee Hansen asserts that Frank Vennes' experience in the collectible coin industry makes it highly probable that the coins he delivered to Faegre were owned at one point by him or one of his entities, and that Kimberly Vennes did not give reasonably equivalent value in exchange for the coins.  Additionally, the delivery of the ring and coins to Faegre by Frank Vennes, rather than Kimberly Vennes, he argues demonstrates Frank Vennes' control over the property.

The Government supports the transfer of the funds to Trustee Hansen for distribution under the Asset Distribution Plan, arguing the funds became subject to forfeiture pursuant to the forfeiture ordered in Vennes' criminal case in October 2013, and the Asset Distribution Plan remains the most efficient way to provide compensation to the victims of Vennes' fraud.  The Government further contends that the additional fees and costs associated with distributing this tardily-disclosed asset to the victims of Vennes' fraud should be borne by Vennes and Faegre, who were obligated to disclose the funds six years ago when the Vennes Receivership was established and in 2010 when the Asset Distribution Plan was being negotiated.

 Kimberly Vennes claims the coins and ring belonged to her and argues that distribution of the proceeds under the Asset Distribution Plan will cause her property to be taken from her even though she has never been a party to this proceeding and has never been charged with a crime.

Kimberly Vennes' claims of ownership fail for multiple reasons.  First, she does not refute Trustee Hansen's contention that the coins were transferred to her from Frank Vennes or a

Vennes Entity and that equivalent value was not given in exchange.  Indeed, Kimberly Vennes'
Declaration confirms that Frank Vennes gave the coins to her as a gift.  With respect to the ring,
Kimberly Vennes provides no documents or other information to support her claim of
ownership, such as when and how she acquired the ring.  The only information about the ring
comes from Volling, who states:  "I believe that Mr. Vennes . . .  said [the diamond ring and
coins] were prior gifts to his wife, but my recollection is not certain and I have located no
relevant documents."  Volling Decl. ¶ 3.  Kimberly Vennes also does not dispute Trustee
Hansen's contention that the coins and ring were assets under Vennes' control, as evidenced by
Frank Vennes' deposit of the items with Faegre.  Finally, Kimberly Vennes does not challenge or
deny the Government's contention that the $335,333 held in trust by Faegre became subject to
forfeiture by the United States pursuant to the forfeiture order issued in Frank Vennes' criminal
case in October 2013.

Based on the record before it, the Court concludes that the coins and ring were property
under Frank Vennes' ownership or control that should have been disclosed as a Receivership
asset and should have been included for distribution under the Asset Distribution Plan.  Frank
Vennes averred in his affidavit that "if it is later discovered that I or any of my entities did
possess other undisclosed assets or rights not described in the Asset Distribution Plan . . . my
Creditors may seek to recover from me such assets (or their equivalent)."  Hansen Aff. Ex. E ¶ 7.
Pursuant to this obligation, all undisclosed assets held in trust by Faegre must be transferred to
Trustee Hansen for distribution to Frank Vennes' creditors.

The untimely disclosure of the funds held by Faegre also warrants requiring Frank
Vennes, Faegre, and Kimberly Vennes to provide a full accounting of such funds, as well as a
complete disclosure of all assets held jointly or solely by Kimberly Vennes.  After the belatedly-

disclosed funds have been distributed and the additional costs, if any, associated with their

distribution have been ascertained, Trustee Hansen may request the Court to determine whether

such costs should be charged to Frank Vennes and Faegre for their failure to promptly disclose

these assets.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED THAT:**

1.  The Liquidating Trustee's Motion [Docket No. 2724] is **GRANTED**.  Defendant

Frank E. Vennes, Jr., his attorneys at Faegre Baker Daniels, and Kimberly Vennes shall transfer

within five (5) business days of this Order all Vennes-related funds being held in trust by Faegre

Baker Daniels, including any funds being held in the name of Kimberly Vennes and any

associated interest, to Liquidating Trustee Hansen for distribution to the Vennes creditors

pursuant to this Court's January 25, 2011 Order [Docket No. 1762] approving the Asset

Distribution Plan.

2.  Defendant Frank E. Vennes, Jr., his attorneys at Faegre Baker Daniels, and Kimberly

Vennes shall also provide Liquidating Trustee Hansen with an accounting of the funds being

held by Faegre and complete disclosure of all assets jointly held or solely held by Kimberly

Vennes, including:

      a.    A detailed description of all coins, jewelry and other items turned over to
            Faegre;

      b.    Information identifying when the coins, jewelry and other items were
            turned over to Faegre and by whom;

      c.    A detailed description of how such coins, jewelry and other items were
            liquidated, including any third parties used to liquidate the items;

d.      A copy of all records related to the sale of the coins and jewelry, including documentation showing the sale price of each coin, piece of jewelry and other items;

e.      A list of all persons to whom the coins and jewelry were sold;

f.      All monthly statements from the pertinent trust account from October 2008 to the present;

g.      A detailed listing, as of October 16, 2008, of any and all assets owned jointly or separately by Kimberly Vennes and not previously disclosed to Trustee Hansen ("Undisclosed Asset"), and the present location of each Undisclosed Asset; and

h.      A detailed description of any disposition of any Undisclosed Asset, including how each Undisclosed Asset was liquidated or otherwise disposed of and a copy of all records related to the liquidation or other disposition of the Undisclosed Asset.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 8, 2015.