# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                    Plaintiff,                                   **MEMORANDUM OPINION
                                                                 AND ORDER**
v.                                                               Civil No. 08-5348 ADM/JSM

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

                    Defendants,

Douglas A. Kelley,

                    Receiver,

Gary Hansen,

                    Liquidating Trustee.

_____

Frank E. Vennes, Jr., pro se.

Gary M. Hansen, Esq., Fox Rothschild LLP, Minneapolis, MN, on behalf of Liquidating Trustee
Gary Hansen.

_____

# I.  INTRODUCTION

This matter is before the Court on Defendant Frank E. Vennes, Jr.'s Motion to Compel Public Accounting or Report [Docket No. 2820] ("Motion to Compel"), and Vennes' Motion for Order to Show Cause Why Public Accounting or Report Should Not Issue [Docket No. 2824]. Vennes seeks an order compelling Liquidating Trustee Gary Hansen ("Trustee Hansen") to provide him with a list of all assets recovered under an Asset Distribution Plan that was approved by the Court on January 25, 2011.  See Order Approving Asset Distribution Plan [Docket No. 1762].

Trustee Hansen has filed a Response [Docket No. 2822] opposing the Motion to Compel. He argues that once the Court approved the Asset Distribution Plan, Vennes lost standing to monitor the execution of the Plan or seek a public accounting or report.

# II.  BACKGROUND

In January 2011, this Court approved an Asset Distribution Plan under which substantially all assets owned or controlled by Vennes and his closely held entities (the "Vennes Entities") were to be liquidated and distributed to creditors and fraud victims with claims against Vennes.  See generally Order Approving Asset Distribution Plan.  Trustee Hansen was appointed to serve as the Liquidating Trustee under the Asset Distribution Plan.  Id.[1]

Under the Asset Distribution Plan, Vennes explicitly agreed that assets he had provided to his attorneys as a retainer for his legal representation would be utilized as needed to represent

---

[1] Prior to approval of the Asset Distribution Plan, all assets owned by Vennes and the Vennes Entities had been subject to a receivership established by this Court and supervised by Trustee Hansen.  See Receivership Order [Docket No. 59].  Because the Asset Distribution Plan disposed of all assets of the receivership, the receivership was dissolved.  See Order Approving Asset Distribution Plan at 10, 28.

him and the Vennes Entities, and that any remaining assets would be distributed to creditors and victims under the Asset Distribution Plan.  Hansen Aff. [Docket No. 2727] Ex. E ("Vennes Aff.") ¶ 4(e).  Vennes also agreed that his creditors would be entitled to recover any later discovered assets determined to have been owned by Vennes or the Vennes Entities and not disclosed under the Asset Distribution Plan.  Id. ¶ 7.

Approximately three months after the Asset Distribution Plan was approved, a criminal case arising from the multi-billion dollar Ponzi scheme perpetrated by Thomas Petters was filed against Vennes.  See U.S. v. Vennes, 11-cr-141 (D. Minn.) ("Criminal Case").  Vennes pled guilty to securities fraud and money laundering and is serving a 15-year prison sentence. Sentencing J. [Criminal Case Docket No. 291].  A personal money judgment of over $48 million and an order of forfeiture were entered against Vennes.  See id.; Order Forfeiture [Criminal Case Docket No. 287].

In March 2015, Vennes' counsel completed his representation of Vennes.  In the process of concluding his representation, counsel informed the United States' Attorneys' Office ("USAO") that his law firm was holding $335,333 in its trust account as a retainer for potential legal fees attributable to Vennes' wife, Kimberly Vennes.  Volling Decl. [Docket No. 2735] ¶ 9; Brooker Aff. [Docket No. 2731, Attach. 1] ¶ 2.  Vennes' counsel told the USAO that the law firm would continue to hold the funds pending instructions from the USAO as to where the assets underlying the retainer should be directed.  Volling Decl. ¶ 9.  The Kimberly Vennes retainer consisted of proceeds from the sale of assets that Frank Vennes had delivered to his counsel in 2008.  Volling Decl. ¶ 4.  The assets were not listed in the Asset Distribution Plan, nor did Vennes disclose them to Trustee Hansen.  Brooker Aff. ¶ 4.

On June 8, 2015, the Court issued an Order directing that all funds being held by Vennes'

3

counsel, including the Kimberly Vennes retainer, be transferred to Trustee Hansen for distribution to Vennes' creditors and victims under the Asset Distribution Plan. See Mem. Op. Order, June 8, 2015 [Docket No. 2752]. Vennes' counsel has complied with the Order. See Ninth Status Report of Liquidating Trustee Gary Hansen [Docket No. 2803] ("Ninth Status Report") at 4. The process of liquidating and distributing assets under the Asset Distribution Plan is nearing completion. All assets have been liquidated and a final distribution is anticipated in the near future. See generally id.

Vennes now moves for an order compelling Trustee Hansen "to provide Mr. Vennes with a list of all assets recovered with [the] source of the assets identified, to record such list with this court, and such other relief as the court deems appropriate or fair." Mot. Compel at 2. Vennes argues that such a report is necessary because his former counsel "did not report or turn over $335,333.00," which "indicates that certain transferees or fiduciaries may not have acted in good faith." Id. at 1. Vennes also contends that the "expropriation of receivership assets has significance for Mr. Vennes's post-conviction proceedings, thus he retains a liberty interest in the assets." Id. Lastly, Vennes argues that the public and his victims are entitled to the information because "[t]he performance of the receivership should be public knowledge to ensure transparency thus accountability." Id.

### III. DISCUSSION

Vennes' motions are denied because the bases for his requested relief lack merit. First, Vennes' counsel did not fail to report or turn over $335,333. To the contrary, counsel affirmatively disclosed the funds when his representation of Vennes was completed. The funds have now been turned over to Trustee Hansen, as reported in the publicly-available Ninth Status Report filed by Trustee Hansen. Vennes' allegation that receivership assets have been

4

expropriated are baseless.

Second, Vennes' interest in the assets to be distributed under the Asset Distribution Plan ceased when the Court approved the Plan.  As a result, Vennes lacks standing to monitor the execution of the Plan or to seek a public accounting or report.

Finally, Trustee Hansen has filed ongoing, publicly-available status reports detailing the execution the Asset Distribution Plan, including the assets that were distributed under the Plan. See, e.g., Docket Nos. 2803, 2555, 2528.  Thus, Vennes' transparency arguments, which he purports to make on behalf of his victims and the public, are meritless.  Indeed, Vennes' victims would be harmed, rather than helped, if the few funds remaining in the Asset Distribution Plan were directed toward preparing the type of accounting and report Vennes seeks rather than being distributed to creditors and victims under the Plan.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1.  Defendant Frank E. Vennes, Jr.'s Motion to Compel Public Accounting or Report [Docket No. 2820] is **DENIED**; and

2.  Defendant Frank E. Vennes, Jr.'s Motion for Order to Show Cause Why Public Accounting or Report Should Not Issue [Docket No. 2824] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 3, 2016.

5