# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Thomas Joseph Petters; Petters Company,
Inc., a/k/a PCI; Petters Group Worldwide, LLC;
Deanna Coleman, a/k/a Deanna Munson;
Robert White;
James Wehmhoff;
Larry Reynolds, and/or dba Nationwide International
Resources, aka NIR;
Michael Catain and/or dba Enchanted
Family Buying Company;
Frank E. Vennes, Jr., and/or dba Metro Gem
Finance, Metro Gem, Inc., Grace Offerings
of Florida, LLC, Metro Property Financing,
LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC,
Orlando Rental Pool, LLC, 100 Pine Street
Property, LLC, Orange Street Tower, LLC,
Cornerstone Rental Pool, LLC, 2 South
Orange Avenue, LLC, Hope Commons, LLC,
Metro Gold, Inc.,

    Defendants,

Douglas A. Kelley,

    Receiver,

Gary Hansen,

    Liquidating Trustee.

**ORDER DENYING MOTION
TO ALTER OR AMEND**
Civil No. 08-5348 ADM/JSM

---

Frank E. Vennes, Jr., pro se.

Gary M. Hansen, Esq., Fox Rothschild LLP, Minneapolis, MN, on behalf of Liquidating Trustee Gary Hansen.

---

This matter is before the Court on Defendant Frank E. Vennes, Jr.'s Motion to Alter or Amend [Docket No. 2827] (the "Motion"). Vennes asks this Court to vacate its August 3, 2016 Order [Docket No. 2826] denying his motions for a public accounting [Docket Nos. 2820, 2824], and requests that Liquidating Trustee Gary Hansen (the "Liquidating Trustee") be required to provide a detailed accounting of specified items. The Motion is filed pursuant to Federal Rules of Civil Procedure 52 and 59(e). The Liquidating Trustee has filed a Response [Docket No. 2828] opposing the Motion.

Because Vennes seeks essentially the same relief as that denied by the August 3 Order, the Motion will be construed as a motion to reconsider. A motion to reconsider made pursuant to Rules 52 and 59 "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993). A party must show "compelling circumstances" to obtain permission to file a motion to reconsider. D. Minn. L.R. 7.1(j).

Vennes did not request permission to file the Motion. Had he done so, the request would have been denied because Vennes has failed to articulate compelling circumstances or new facts to justify reconsidering the August 3 Order. Vennes expresses concern that his former attorney allegedly concealed in his retainer trust account assets provided by Vennes, and that some assets remain unaccounted for. He contends that his former attorney's alleged failure to transfer the correct amount of retainer trust account assets to the Liquidating Trustee increases the amount of personal money judgment Vennes owes. None of the facts or circumstances identified in the Motion change this Court's decision that the few remaining funds in the Asset Distribution Plan should be directed toward the repayment of Vennes' victims and creditors.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Frank E. Vennes, Jr.'s Motion to Alter or Amend [Docket No. 2827] is **DENIED**.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 15, 2016.