UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS J. PETTERS, et. al.,

    Defendants,

DOUGLAS A. KELLEY,

    Receiver.

**ORDER TERMINATING THE RECEIVERSHIP OF DEFENDANT THOMAS J. PETTERS AND DISSOLVING THE PRELIMINARY INJUNCTION**
Civil No. 08-5348 ADM/TNL

___

Steven E. Wolter, Esq., Kelley Wolter & Scott, P.A., Minneapolis, MN, and James A. Lodoen, Esq., Spencer Fane LLP, Minneapolis, MN, on behalf of Receiver Douglas A. Kelley.

Receiver Douglas A. Kelley, Minneapolis, MN.

Gregory G. Brooker, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff United States of America.

Patrick H. O'Neill, Jr., Esq., Larson King, LLP, Saint Paul, MN, on behalf of Ritchie Capital Management, L.L.C.; Ritchie Special Credit Investments, Ltd.; Rhone Holdings II. Ltd.; Yorkville Investment I, L.L.C.; and Ritchie Capital Management SEZC, Ltd. f/k/a Ritchie Capital Management, Ltd.

___

        On January 6, 2021, the Court heard oral argument via video conference on the motion [Docket No. 3214] of Plaintiff United States of America (the "Government") to dissolve the preliminary injunction and to terminate the receivership of Defendant Thomas J. Petters ("Petters"). No objections to the Motion were filed or raised at the hearing.

        A Response [Docket No. 3220] to the Motion was filed by Ritchie Capital Management, L.L.C.; Ritchie Special Credit Investments, Ltd.; Rhone Holdings II. Ltd.; Yorkville Investment

I, L.L.C.; and Ritchie Capital Management SEZC, Ltd. f/k/a Ritchie Capital Management, Ltd. (collectively, the "Ritchie Entities"). The Ritchie Entities state that they do not object to the Motion. However, the Ritchie Entities request that the order terminating the Petters receivership include a formal procedure for accessing documents in Receiver Douglas A. Kelley's ("Receiver Kelley") possession. The documents sought by the Ritchie Entities include asset disclosures and asset search data for Petters, as well as discovery-related materials from litigation brought by Receiver Kelley and trustees of the Petters-related bankruptcy estates against JPMorgan Chase & Co. ("JPMC"). Although the Receiver and trustees settled their lawsuits against JPMC in 2018, the Ritchie Entities seek access to the formal discovery from that litigation to enable their pending suit against JPMC. See Order Approving Settlement Agreement [Docket No. 2990] (approving Receiver's settlement with JPMC); Ritchie Capital Mgmt., L.L.C. v. JPMorgan Chase & Co., No. 14-4786 DWF (D. Minn.) (pending lawsuit). The Ritchie Entities also stated at the hearing that the final accounting for the receivership should include the amount of money collected, the expenses paid, and account for the distribution of the receivership proceeds.

The Government filed a Reply [Docket No. 3221] stating that the Ritchie Entities do not object to the Motion, and that the Motion should be granted. The Government also states that procedures for retaining and accessing documents in the Receiver's possession can be addressed during the 45-day period after the receivership is terminated. The Government further states that access to the documents in the Government's possession is governed by the procedures set forth in the Freedom of Information Act.

Counsel for Receiver Kelley stated at the hearing that discovery from the Receiver and trustees' litigation against JPMC is subject to confidentiality agreements, and that the Ritchie

Entities should obtain the information they seek directly from JPMC as the litigant in the Ritchie Entites' pending action. Receiver Kelley also stated that the receivership documents will be retained for a period of time, and that some receivership funds will be held back to cover the cost of storing the documents.

Given the lack of objection to the Government's Motion, the Court grants the Motion as requested. Procedures for retaining and accessing receivership documents can be addressed in the 45-day period following this Order, as can any issues regarding the final accounting for the receivership. As the Court stated at the hearing, the receivership shall not be used as a vehicle for discovery in the Ritchie Entities' lawsuit against JPMC, and all documents governed by a confidentiality agreement will remain confidential.

Based on the supporting briefing, the arguments of counsel, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion [Docket No. 3214] is **GRANTED** as follows:

1) The Court's preliminary injunction in this case is dissolved as of the date of this Order;

2) The Court's receivership orders pertaining to Petters, including any entity or subsidiary 100% owned or controlled by Petters, and all other defendants in this action are terminated as of the date of this Order;

3) The Court-appointed Receiver, Douglas A. Kelley, is discharged of his receivership obligations, with the exceptions set forth herein;

4) The Court shall retain jurisdiction over the receivership to resolve any and all issues regarding receivership expenses, the receivership's administration, and the accounting

required by the subsequent paragraph of this Order;

   5)  The Receiver shall, within forty-five (45) days from the date of this Order, file with the Court an accounting of the Petters receivership account from its inception to the date of this Order.  The accounting shall include a description of the value of all assets taken into the receivership and all expenses associated with the receivership.  The Receiver shall, within 45 days from the date of this Order, also file any final fee petitions.

             BY THE COURT:


              s/Ann D. Montgomery
             ANN D. MONTGOMERY
             U.S. DISTRICT COURT

Dated:  January 8, 2021